OPINION
{¶ 1} Defendant-Appellant, Nina Smith, appeals an Upper Sandusky Municipal Court judgment, sentencing Smith upon her plea of no contest. Smith contends that the trial court erred in accepting her plea of no contest without addressing her personally and informing her of the effect of her plea. For the reasons that follow, the judgment of the Municipal Court must be reversed.
 {¶ 2} In May of 2003, Latonya Haynes alleged in a complaint that Smith had assaulted her. Subsequently, Haynes' complaint was filed against Smith in the Upper Sandusky Municipal Court. On June 5, 2003, Smith was arraigned for assault, in violation of R.C. 2903.13, a misdemeanor of the first degree. At her arraignment, Smith entered a plea of not guilty, requested court-appointed counsel, and the matter was set for trial. Two additional pre-trial hearings were held, which ultimately lead to Smith changing her plea to no contest on July 21, 2003. On August 11, 2003, Smith was sentenced upon her conviction. It is from the July 21, 2003 judgment that Smith appeals, presenting the following sole assignment of error for our review:
The trial court erred to the prejudice of the appellant whenit accepted appellant's plea of no contest without firstaddressing the appeallant personally and informing the defendantof the effect of the plea of guilty, no contest, and not guilty,and when it failed to determine whether the appellant's plea wasvoluntary, as required by criminal Rule 11(d).
 {¶ 3} In her sole assignment of error, Smith contends the court failed to engage in the required colloquy under Crim.R. 11(D). However, upon a review of the charged offense, we find the court was required to engage in the required colloquy under Crim.R. 11(E).
 {¶ 4} Crim.R. 11(D) and (E) govern pleas in misdemeanor cases. Pursuant to Crim.R. 2(C) and (D), respectively, a serious offense is defined as an offense for which confinement can be more than six months, and a petty offense is defined as an offense other than a serious offense. A violation of R.C. 2903.13
is a first degree misdemeanor. First degree misdemeanors are prescribed a sentence of "not more than six months." R.C.2929.21(B)(1). Accordingly, Smith's violation is classified as a petty offense.
 {¶ 5} Crim.R. 11(E), which sets for the plea requirements for misdemeanor cases involving petty offenses, states:
In misdemeanor cases involving petty offenses the court mayrefuse to accept a plea of guilty or no contest, and shall notaccept such pleas without first informing the defendant of theeffect of the plea of guilty, no contest, and not guilty.
 {¶ 6} In State v. Watkins, 99 Ohio St.3d 12,2003-Ohio-2419, the Ohio Supreme Court recently decided that Crim.R. 11(E) requires that the court only must inform the defendant of the effect of his plea before accepting it.
 {¶ 7} Prior to Watkins, at least nine of the twelve appellate districts held that in accepting a plea, the trial court must advise the defendant of more than just a definition of a guilty plea and a no contest plea regardless of whether it be a plea to a felony, a serious misdemeanor or a petty misdemeanor. Those courts noted that the three rights from Boykin v. Alabama
(1969), 395 U.S. 238 (jury trial, privilege against self-incrimination, and confrontation), and the additional right from State v. Ballard (1981), 66 Ohio St.2d 473 (compulsory process), must be disclosed to any pleading defendant to ensure the plea is voluntary, knowing, and intelligent.
 {¶ 8} However, the Court in Watkins, noted that:
The same requirements placed upon a judge by Crim. R. 11(D)and (E) for defendants charged with committing serious and pettyoffense, respectively, are also set forth in Crim. R. 11(C)(2)and (C)(2)(b) for felony defendants. For felony defendants, andonly felony defendants, Crim. R. 11(C)(2)(c) adds something extraand separate * * *. 99 Ohio St.3d at ¶ 27.
Accordingly, in Watkins the Court concluded that "[i]n all cases, the judge must inform the defendant of the effect of his plea;" however, only in cases involving felonies and serious offense misdemeanors must the judge "also `addres[s] the defendant personally' and `determin[e] that the defendant is making the plea voluntarily.'" Id. at ¶ 26. Thus, while the court is not required to personally address a petty offense misdemeanor defendant and determine that his plea is entered voluntarily, intelligently and knowingly, the court must still inform the defendant of the effect of his plea. Id.
 {¶ 9} The following colloquy is the full extent of explanation afforded by the court during the change of plea proceedings that took place on July 21, 2003:
Court: We're on record in State of Ohio versus Nina S. Smith.(para.) Ms. Smith has been charged with Assault and is present(sic.) represented by Attorney Mary Snyder. (para.) I understand,Ms. Snyder, there were plea negotiations and your client isprepared to change her plea to this charge, is that correct?
 Ms. Snyder: That's correct, Your Honor. (Inaudible) no contestplea. We would waive the reading and consent to a finding.
 Court: The court will accept the plea and finding of guiltyand understand that presentence investigation is (Inaudible) —
 Ms. Snyder: Yes, Your Honor.
 Court: All right. We'll accept the plea and enter a finding ofguilt, Ms. Smith. (para.) Prior to disposition and sentencing inthis case we'll order a presentence investigation. (para.) Ms.Snyder, I'm sure has explained that to you, or will.
 Ms. Smith: Hm-hmm.
 Ms. Snyder: Thank you. Should I just give her Reynold's cardor
 Court: Yeah. He won't be back until next week.
 Ms. Snyder: Okay.
 Court: Okay. Thank you.
 Ms. Snyder: Thank you.
 {¶ 10} The above action fails to fulfill the minimal requirements of Watkins. The court-appointed counsel's general verbal statement is insufficient to waive Smith's right to be informed by the court on this issue. Pursuant to Crim. R. 11(E) and Watkins, the court is only required to explain the effect of Smith's no contest plea. There is nothing in the record to show Smith was given any such explanation by the court, either orally, in a writing signed by the defendant or in any other manner. The state argues that Smith was advised of her rights at her arraignment and that this should suffice. However, we do not agree that a general advisement by the court over a month prior to Smith's change of plea fulfills the requirement under Crim. R. 11(E) to inform the defendant of the effect of her new plea.
 {¶ 11} Finding the court erred in accepting Smith's plea of no contest without first informing her of the effect of her plea of no contest as required by Crim. R. 11(E), Smith's assignment of error is sustained.
 {¶ 12} Having found error prejudicial to the appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
Shaw, P.J., and Bryant, J., concur.