OPINION
{¶ 1} Defendant-appellant, James W. Johnson, appeals his conviction in the Hamilton Municipal Court for driving under an OVI suspension, in violation of R.C. 4510.14. For the reasons set forth below, we reverse the trial court's judgment and remand the matter to the trial court for further proceedings.
 {¶ 2} On July 28, 2007, appellant was stopped for a speeding violation after a law *Page 2 
enforcement officer observed him driving approximately 15 m.p.h. above the posted speed limit. Appellant's driver's license was under suspension at the time for a previous OVI conviction in the Licking County Municipal Court. Under the terms of his suspension, appellant was granted limited driving privileges and was required to carry the Licking County Municipal Court's order with him at all times while driving. Appellant did not have the order with him at the time he was stopped for the speeding offense in this case, and was therefore cited for driving under an OVI suspension, in violation of R.C. 4510.14.
 {¶ 3} The trial court conducted a bench trial on March 14, 2008, at the commencement of which appellant entered a plea of no contest to the offense in question. The trial court accepted appellant's plea and proceeded to enter a finding of guilt as to the offense. The court subsequently sentenced appellant to ten days in jail, with seven days suspended, along with a $250 fine. Appellant timely appealed his conviction, advancing a single assignment of error for review.[1]
 {¶ 4} Assignment of Error:
 {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO COMPLY WITH CRIM.R. 11(E) IN ACCEPTING APPELLANT'S PLEA OF NO CONTEST."
 {¶ 6} In his sole assignment of error, appellant contends the trial court erred in accepting his no contest plea to the offense of driving under an OVI suspension where the court failed to inform him of the effect of his plea. We find appellant's argument meritorious.
 {¶ 7} The Ohio Supreme Court has held that a trial court's acceptance of a defendant's plea of guilty or no contest to a petty misdemeanor traffic offense is governed by Traf. R. 10(D). State v. Watkins,99 Ohio St.3d 12, 2003-Ohio-2419, syllabus. Traf. R. 2(D) *Page 3 
defines a "petty offense" as "an offense for which the penalty prescribed by law includes confinement for six months or less." In this case, appellant was charged with driving under an OVI suspension, in violation of R.C. 4510.14. Such offense is a first-degree misdemeanor, punishable by up to six months in jail. See R.C. 4510.14(B). Accordingly, the offense in question is a petty misdemeanor traffic offense subject to the requirements of Traf. R. 10(D). SeeWatkins at syllabus, ¶ 10-11.
 {¶ 8} Traf. R. 10(D) provides that "[i]n misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." The Ohio Supreme Court has held that a trial court complies with Traf. R. 10(D) "by informing the defendant of the information contained in Traf. R. 10(B)." Watkins at syllabus. See, also, State v. Jones,116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 23. Traf. R. 10(B)(2) provides that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Notably, the right to be informed of the effect of a plea is a nonconstitutional requirement "subject to review under a standard of substantial compliance." State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. See, also, State v. Howell, Mahoning App. No. 04 MA 31, 2005-Ohio-2927, ¶ 16.
 {¶ 9} The record in this case demonstrates that the trial court conducted a bench trial on the matter of appellant's charge of driving under an OVI suspension on March 14, 2008. At the commencement of the trial, appellant's counsel indicated that the case was proceeding under a not guilty plea, but that appellant did not dispute the state's allegation that he did not have the required documentation with him at the time he was stopped for a speeding violation. Appellant's counsel noted it was appellant's contention that his failure to possess *Page 4 
and present such documentation to the officer did not nullify his driving privileges under the terms of his suspension. The trial court suggested to appellant's counsel that appellant enter a no contest plea, stipulate to the facts, then present his legal argument to the court.
 {¶ 10} The record demonstrates that appellant's counsel thereafter entered a no contest plea on appellant's behalf, and stipulated to the facts alleged by the state. The court then heard the parties' arguments as to the issue of appellant's driving privileges, made a finding of guilt, and proceeded to sentence appellant accordingly. There is no indication in the record, however, that the trial court, at any time, informed appellant of any of the information set forth in Traf. R. 10(B)(2), as required by Watkins. In fact, the record demonstrates that the trial court failed to personally address appellant in any manner during the March 14, 2008 proceedings.
 {¶ 11} Because the trial court wholly failed to comply with the minimal requirements of Watkins, we find the trial court erred in accepting appellant's plea to the offense of driving under an OVI suspension. See State v. Reda, Mahoning App. No. 02-CA-94, 2003-Ohio-4736; State v. Smith, Wyandot App. No. 16-03-17,2004-Ohio-1953. Appellant's sole assignment of error is therefore sustained.
 {¶ 12} The judgment of the trial court is hereby reversed and the matter is remanded for further proceedings according to law and consistent with this opinion.
WALSH, P.J., and YOUNG, J., concur.
[1] We note that the state has failed to file a merit brief in this matter. *Page 1