[Cite as *State v. Travis*, 2012-Ohio-1466.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 14-11-19

    v.

MISTY D. TRAVIS,                     O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marysville Municipal Court
Trial Court No. TRD 1103297 B

Judgment Affirmed

Date of Decision: April 2, 2012

APPEARANCES:

    *Alison Boggs* for Appellant

    *Tim Aslaner* for Appellee

**SHAW, P.J.**

{¶1} Defendant-Appellant, Misty D. Travis ("Travis"), appeals the August 31, 2011 judgment of the Marysville Municipal Court of Union County, Ohio, sentencing Travis upon her plea of guilty.

{¶2} On August 9, 2011, Travis was pulled over for a speeding violation. After her license was checked through LEADS, Travis was found to be under three open suspensions: a failure to report an accident suspension, a security suspension and a non-compliance suspension. Travis was subsequently charged with Driving Under Suspension for Failure to File an Accident Report in violation of R.C. 4510.11(A) and Driving Under an FRA Suspension in violation of R.C. 4510.16(A), both unclassified misdemeanors.

{¶3} At arraignment on August 16, 2011 Travis pled no contest to the charges. After the facts were read into the record by the prosecution, the court asked Travis if there was anything she wanted the court to consider in passing judgment or sentence. Travis said that the Bureau of Motor Vehicles ("BMV") was sending her a document showing that notice of her suspension had been sent to the wrong address and because of this, she was not notified of her license suspension. Upon hearing this statement, the court asked if Travis still wished to plead no contest. Travis decided that she did not, and changed her plea to not guilty. Accordingly, the court set the matter for a bench trial on August 31, 2011.

{¶4} On August 25, 2011, Travis applied for a public defender. Her application was granted and Lisa Music entered an appearance as counsel on August 30, 2011. On August 31, 2011, the day of the scheduled bench trial, Travis entered a negotiated plea of guilty to Driving Under an FRA suspension in violation of R.C. 4510.16(A) with the remaining charge to be dismissed.

{¶5} The court advised Travis of the rights she was waiving in tendering her guilty plea, accepted the plea and then proceeded to sentencing. The court followed the recommended sentence the parties had prepared in the pre-trial report, sentencing Travis to 500 hours of community service, a $600 fine and court costs, and a 30 day license suspension. The community service and $300 of the fine were suspended on the condition that Travis enroll in the home monitoring program for ten days.

{¶6} This appeal followed and Travis asserts two assignments of error for our review.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO COMPLY WITH CRIMINAL RULE 11 WHEN IT ACCEPTED APPELLANT'S GUILTY PLEA.**

### ASSIGNMENT OF ERROR II

**DEFENDANT-APPELLANT RECEIVED PREJUDICIALLY INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS [sic] SIXTH AND FOURTEENTH AMENDMENT**

**RIGHTS, AS WELL AS HIS [sic] RIGHTS UNDER SECTION 10, ARTICLE I, OF THE OHIO CONSTITUTION.**

*First Assignment of Error*

{¶7} In her first assignment of error, Travis contends that the court failed to comply with Ohio Criminal Rule 11(E) when the court accepted her guilty plea. We note at the outset that the Ohio Supreme Court has held that a trial court's acceptance of a defendant's guilty plea to a petty misdemeanor traffic offense is governed by Traffic Rule 10(D) rather than Criminal Rule 11(E). *State v. Watkins*, 99 Ohio St.3d 12, 788 N.E.2d 635, 2003-Ohio-2419, syllabus. Functionally it makes little difference to our analysis, as Crim.R. 11(E) and Traf.R. 10(D) are largely analogous. "In fact, Crim.R. 11(E), which applies to nontraffic misdemeanor cases involving petty offenses, is identical in all relevant aspects to Traf.R. 10(D)." *Watkins* at ¶ 15. Nevertheless, Travis's crimes do fall under the Traffic Rule's classification as petty offenses and would therefore be governed by Traf.R. 10(D).[1]

{¶8} Traffic Rule 10(D) reads,

**[i]n misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the**

---

[1] Traffic Rule 2(D) defines "petty offense" as one "for which the penalty prescribed by law includes confinement for six months or less." In this case, Travis was charged with two unclassified misdemeanors, the maximum penalties being 500 hours of community service and up to a $1000 fine, making them governed by Traf.R. 10(D).

**plea of guilty, no contest, and not guilty. This information may be presented by general orientation or pronouncement.**

{¶9} The Ohio Supreme Court has held that a trial court is in compliance with Traf.R. 10(D) "by informing the defendant of the information contained in Traf.R. 10(B)." *Watkins* at syllabus. Traffic Rule 10(B) reads,

**(B) Effect of guilty or no contest pleas**

**With reference to the offense or offenses to which the plea is entered:**

**(1) The plea of guilty is a complete admission of the defendant's guilt.**

**(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.**

**(3) When a plea of guilty or no contest is accepted pursuant to this rule, the court shall proceed with sentencing under Criminal Rule 32.**

{¶10} Based on the requirements of Traf.R. 10(B), in a traffic case involving a petty offense the court would simply need to inform Travis of the effect of her plea. The right to be informed of the effect of a plea is a nonconstitutional requirement subject to review under a standard of substantial compliance. *State v. Griggs*, 103 Ohio St.3d 85, 814 N.E.2d 51, 2004-Ohio-4415, ¶ 12 citing *State v. Nero*, 56 Ohio St.3d 106, 107. "Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands

the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "Furthermore, 'a defendant must show prejudice before a plea will be vacated for a trial court's error * * * when nonconstitutional aspects of the colloquy are at issue.'" *State v. Thomas*, 3d. Dist. No. 10-10-17, 2011-Ohio-4337, ¶ 21, quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at ¶ 17.

{**¶11**} For Travis to establish prejudice, she would have to demonstrate that her plea would not have been made otherwise. *Id*. Moreover, the Supreme Court of Ohio has held "that a defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt. In such circumstances, a court's failure to inform the defendant of the effect of his plea * * * is presumed not to be prejudicial." *Griggs* at ¶ 12.

{**¶12**} In the case *sub judice*, Travis claims that the plea dialogue at her hearing was deficient in two ways. First, she argues that the court did not inform her of the effect of her plea; specifically that her plea of guilty constituted a complete admission of guilt. Second, she argues that the court did not specifically address her during the plea.

{**¶13**} What follows is the relevant excerpt of the dialogue from the plea hearing.

> **MS. MUSIC: (INAUDIBLE), pretrial report in the file, your honor.**

**THE COURT:  The pretrial report says on the F R A suspension case that the defendant should – is to be sentenced – or the recommendation is the defendant be sentenced to pay a $600 fine, $300 suspended and the court costs, 10 days house arrest in lieu of community service of 500 hours, and a 30 day license suspension.  The remaining charges are to be dismissed at cost. That's the failure to report – or failure to file an accident report. Miss Music, to the charge of driving under F R A suspension, what plea does your client wish to enter?**

**MS. MUSIC: Guilty.**

**THE COURT: Miss Travis, do you understand that by entering this guilty plea you are giving up certain rights.  You're giving up your right to a trial, either to a jury or to the court.  And at that trial the burden would be on the Prosecutor to prove your guilt beyond a reasonable doubt.  Do you understand you're giving up your right to make them do that?**

**DEFENDANT: Yes, your Honor.**

**THE COURT: You're giving up your right not to testify against yourself.  You're giving up your right to confront and cross examine your accusers and any witnesses in open court.  And you're giving up your right to subpoena any witnesses you may have in your own defense.  Do you understand that you are giving up all those rights?**

**DEFENDANT: Yes.**

**THE COURT: Did anyone make any promises or threats or in any [sic] try to either talk you into entering this plea or talk you out of having a trial?**

**DEFENDANT: No, your Honor.**

**THE COURT:  So you're doing this of your own free will.  Is that correct, Miss Travis?**

> **DEFENDANT: (NO AUDIBLE RESPONSE GIVEN.)**
> **THE COURT: Miss Music, is there anything you want me to consider in passing judgment and sentence?**
>
> **MS. MUSIC: We would just ask for a payment plan for fines and court costs.**
>
> **THE COURT: Miss Travis, is there anything that you want me to know that Miss Music may not have told me?**
>
> **DEFENDANT: No, your Honor.**

(Aug. 31, Tr. at 3-5).

{¶14} Travis claims that the above dialogue was deficient because the court failed to inform her that her plea was an admission of guilt. While it is true that the court did not specifically inform Travis that her guilty plea was a complete admission of guilt as is required under Traf.R. 10(D), the record of the foregoing dialogue is enough to suggest that Travis subjectively understood that she was making a complete admission of guilt and that she also understood the rights she was waiving in tendering her plea of guilty. Travis pled guilty through her counsel, was informed of her constitutional rights and gave no indication that she did not understand her plea or the proceedings. In addition, pursuant to negotiations for the guilty plea, a pretrial report was produced containing a recommended sentence agreed to by the parties. (Doc. No. 3). This agreement was referred to in the dialogue.

**{¶15}** A subjective understanding is all that is required to meet 'substantial compliance' of the nonconstitutional right to be informed of the effect of a plea. *State v. Nero*, *supra*. We find that the foregoing dialogue is enough to demonstrate that Travis subjectively understood the nature of her plea and that, therefore, the court was in substantial compliance with Traf.R. 10(D) despite not specifically informing Travis that her plea was a complete admission of guilt.

**{¶16}** Furthermore, even if the court was not in substantial compliance with the above dialogue, we find nothing in the record showing that there was any prejudice to Travis meriting reversal. The fact that she pled guilty without asserting her innocence at the plea hearing raises the presumption that the omission was not prejudicial. *Griggs*, *supra*, at ¶ 12. On the contrary, while Travis raised an issue at her arraignment that one of her suspension letters may have been sent to the wrong address and therefore that she may not have received proper notice, she made no similar claim or other claim of innocence at her plea hearing. The record is thus devoid of any information that would suggest Travis would have made a different decision had the court informed her that pleading guilty was a complete admission of guilt.

**{¶17}** Turning to Travis's second argument regarding the plea dialogue, Travis claims that the court did not specifically address her. She bases her arguments upon the holdings in *City of Hamilton v. Johnson*, 12th App. No.

CA2008-03-094, 2009-Ohio-432 and *State v. Smith*, 3d App. No. 16-03-17, 2004-Ohio-1953, where reversible error was found when the court essentially did not address the defendant at all. However, unlike the cases cited by Travis, in this case, Travis was specifically addressed by the court for all but two questions. Accordingly, we find this argument to be without merit.

{¶18} For the foregoing reasons, Travis's first assignment of error is overruled.

*Second Assignment of Error*

{¶19} Travis next contends that she received ineffective assistance of counsel in violation of her Sixth and Fourteenth Amendment rights, as well as her rights under Section 10, Article I of the Ohio Constitution.

{¶20} In order to prevail on a claim of ineffective assistance of counsel, Travis must meet both prongs of the two-part test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), as applied to the plea process in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366 (1985). *See State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715. The first prong of the test requires Travis to show that her counsel's performance was deficient. *Strickland*, 466 U.S. at 687; *Xie*, 62 Ohio St.3d at 524. The second prong of the test requires Travis to show that there is a reasonable probability that, but for counsel's errors, she would not have entered her plea and instead would have insisted on going to trial. *Hill supra* at

57-59; *Xie supra* at 524. Finally, when considering a claim of ineffective assistance of counsel, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689

{¶21} In support of her second assignment of error, Travis makes two arguments to show that her counsel was ineffective. First, Travis argues that her counsel could not have had enough time to adequately review the case and provide competent representation as her counsel first entered an appearance only the day before the scheduled bench trial. Second, Travis claims that her counsel was deficient for failing to obtain documents which, according to Travis, would establish that the BMV sent required notifications to the wrong address and would establish that Travis had insurance both at the time of the accident she apparently failed to report and on a subsequent date when she was pulled over for speeding on August 9, 2011.

{¶22} At the outset, there is nothing in the record to indicate that any of these documents existed or that they had any bearing on the Driving Under FRA Suspension charge she pled guilty to in this case. Moreover, there is no evidence in the record that Travis's counsel did not have enough time to prepare for this case or that Travis had a meritorious defense to the charge supported by documentation. Finally, there is nothing in the record to indicate that anything

-11-

Travis's attorney did or did not do, would have changed Travis's decision to plead guilty to one charge in exchange for the dismissal of a second charge in this case. In sum, there is nothing in the record to establish that Travis's plea was anything less than voluntary, knowing, or intelligent. For the foregoing reasons, Travis's second assignment of error is hereby overruled.

{¶23} For the foregoing reasons, Travis's assignments of error are hereby overruled and the judgment is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**