[Cite as *State v. Briggs*, 2017-Ohio-686.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO.  CA2016-06-043 |
| | : | O P I N I O N |
| - vs - | | 2/27/2017 |
| | : | |
| HENRY L. BRIGGS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2015 TRC 08237

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Henry L. Briggs, appeals from his conviction and sentence in the Clermont County Municipal Court for operating a motor vehicle while under the influence of alcohol.  For the reasons set forth below, we affirm appellant's conviction and sentence.

{¶ 2} On June 3, 2015, appellant was pulled over by a Union Township police officer

after the officer noticed the vehicle appellant was driving lacked a rear license plate light. Following the traffic stop, appellant was cited and charged with one count of operating a vehicle while under the influence of alcohol ("OVI") in violation of R.C. 4511.19(A)(1)(a), a misdemeanor of the first degree, one count of OVI under R.C. 4511.19(B)(3), a misdemeanor of the fourth degree, and one count of failing to have his rear license plate illuminated in violation of R.C. 4513.05(A), a minor misdemeanor.

{¶ 3} Appellant entered a not guilty plea to the charges and an attorney from the public defender's office was appointed to his case. Appellant filed a combined motion to dismiss and motion to suppress evidence on June 23, 2015. Appellant's motion came before the court on August 6, 2015, and was continued in progress until September 8, 2015. Appellant's presence was waived at the September 8, 2015 hearing, as appellant had returned to college at Mississippi State University. On September 28, 2015, the municipal court issued a decision denying appellant's motion in its entirety and setting the case for a pretrial conference on October 6, 2015. The court ordered that appellant be present at this conference.

{¶ 4} On October 6, 2015, appellant failed to appear for the conference. As a result, the court issued a bench warrant and set appellant's bond at $5,000 cash or professional. Appellant returned to Ohio in May 2016, and, in lieu of his arrest, was summoned to appear before a magistrate on May 17, 2016. A week later, on May 24, 2016, appellant appeared before the court for a "plea or trial setting" with his public defender.

{¶ 5} At this time, appellant sought a continuance so that he could obtain private counsel to represent him. The court discussed appellant's absence, noting that appellant had not appeared before it since before October 6, 2015, and that a bench warrant had been issued. Appellant informed the court that he had gone back to Starkville, Mississippi to attend school, but that he had "called in" before his October 6, 2015 court date to "let them

know" he would not be present. The court expressed its concerns that appellant was not taking the case seriously and that appellant might not show back up to court for further proceedings. Nonetheless, the court granted a continuance. However, the court modified appellant's bond to $50,000 cash or professional, stating:

> THE COURT: "Yeah. Well, I'll give you all of the time in the world to get an attorney. You're certainly entitled to it. I'll continue the matter over; however, I'm going to modify your bond to $50,000 cash or professional. I have great concerns, [appellant], one, that you take this matter seriously and two, that you'll even show up in the future. You've been gone for seven months. He's committed to the custody of the sheriff. The matter will be continued over. Seek counsel. Until then you're represented by the public defender.

Appellant was then taken into custody.

{¶ 6} Approximately an hour later, appellant, accompanied by his public defender, appeared before the court and pled no contest to OVI in violation of R.C. 4511.19(A)(1) in exchange for the remaining charges being dropped by the state. The municipal court accepted appellant's plea and sentenced him to 90 days in jail, with 80 days suspended. With respect to the remaining 10-day jail term, the court ordered appellant to attend three days at the Residential Driver's Intervention Program ("RDIP"), spend five days in jail "mainly for [his] failure to appear," and spend 18 days on electronically monitored house arrest in lieu of the remaining two days. The court also suspended appellant's license and ordered appellant to serve two years of non-reporting probation, complete 40 hours of community service, and pay a $450 fine.

{¶ 7} Thereafter, appellant retained private counsel. On May 26, 2016, appellant's counsel moved to modify appellant's sentence on the basis that "[the] three days [appellant] has served so far has been quite the experience to the extent that the purposes and principles of sentencing have been achieved * * * and [appellant] has been deterred from ever missing court again, deterred from consuming alcohol and punished." The court

- 3 -

granted appellant's motion and suspended the remaining two days left on appellant's jail sentence, concluding that appellant's three days in jail "had [an] appropriate deterrent effect."

{¶ 8} Appellant appealed his conviction and sentence, raising two assignments of error.

{¶ 9} Assignment of Error No. 1:

{¶ 10} APPELLANT'S PLEA OF NO CONTEST WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED.

{¶ 11} In his first assignment of error, appellant argues his no contest plea is invalid because his plea was not knowingly, intelligently, and voluntarily entered.

{¶ 12} "To be valid, a plea must be knowingly, intelligently, and voluntarily made." *State v. Bush*, 12th Dist. Clermont No. CA2015-06-046, 2016-Ohio-551, ¶ 8, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 7. "Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *Veney* at ¶ 7. A trial court's acceptance of a defendant's plea of guilty or no contest to a petty misdemeanor traffic offense is governed by Traf.R. 10(D). *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, syllabus; *State v. Johnson*, 12th Dist. Butler No. CA2008-03-094, 2009-Ohio-432, ¶ 7.[1]

{¶ 13} Pursuant to Traf.R. 10(D), "[i]n misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." A trial court complies with Traf.R. 10(D) "by informing the defendant of the information contained in Traf.R. 10(B)." *Watkins* at

---

1. A "petty offense" is "an offense for which the penalty prescribed by law includes confinement for six months or less." Traf.R. 2(D). Appellant was charged with OVI in violation of R.C.4511.19(A)(1)(a), a misdemeanor of the first degree. A first-degree misdemeanor is punishable by up to six months in jail. See R.C. 2929.24(A)(1). Accordingly, the offense in question is a petty misdemeanor offense subject to the requirements of Traf.R. 10(D).

syllabus. A court must, therefore, inform a defendant that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Traf.R. 10(B)(2).

{¶ 14} In the present case, appellant does not claim that the municipal court failed to comply with Traf.R. 10(D). Rather, appellant argues his plea was not voluntarily entered because he was "coerced" into entering a no contest plea by the court's actions in increasing his bond from $5,000 to $50,000. He argues, "[t]he court's bond modification was the tool used to convince [him] to resolve the case then-and-there. But for [his] incarceration, the plea would not have been entered." Because appellant is challenging his plea on the basis that it was not voluntarily entered, he must show a prejudicial effect. *See State v. Nero*, 56 Ohio St.3d 106, 108 (1990). "The test is whether the plea would have otherwise been made." *Id.*

{¶ 15} Having thoroughly reviewed the record, we find no merit to appellant's assigned error. The record demonstrates that appellant's decision to enter a no contest plea was voluntary, knowing, and intelligent. The municipal court offered to continue proceedings to allow appellant the opportunity to retain counsel. However, the court stated it was increasing appellant's bond due to his failure to appear at a prior hearing. The court repeatedly indicated that the increase in appellant's bond was a result of his failure to appear, and was not intended to pressure him into a plea. Specifically, the court had the following discussion with appellant:

> THE COURT: I want to make sure that you understand I modified your bond because you haven't been here in seven months. It has nothing to do with your guilt or innocence of the charge. As far as I'm concerned you're innocent until proven guilty. You showing up, appearing on a charge is separate. Do you understand? Totally separate matters. So, you know, I don't want you to feel that you're pressured to enter a plea because I

- 5 -

modified your bond. Chances are, I told [your counsel], even if you entered a plea, I need to know more about you, so you may not get out today anyway. You understand?

[APPELLANT]: Yes, sir.

THE COURT: So I don't want that to be something that's figured into your mind that, oh, I'll enter a plea here, I'll get this thing taken care of and I'll move on down the road. I modified your bond because you haven't been here in seven months; do you understand?

[APPELLANT]: Yes, sir.

THE COURT: Apples and oranges. So I don't want you to feel pressured in any way to enter a plea. That's separate and distinct from why you're here. So moments. . . you know, an hour ago you wanted to seek private counsel. Now, you want to enter a plea. I'm concerned about that, you understand?

[APPELLANT]: Yes, sir.

{¶ 16} Thereafter, the court explained to appellant the effect of a no contest plea. The court then inquired if appellant had any questions or if anyone put any pressure on him to enter a no contest plea, to which appellant responded, "No, sir." The court then took the opportunity to again advise appellant that he did not have to enter a no contest plea as follows:

THE COURT: Now, you understand, I went over before, you don't have to enter a plea today; you understand that?

[APPELLANT]: Yes, sir.

THE COURT: I modified your bond. I'm not mad at you, okay? I'm not…you know, you're not going to make me happy by entering a plea; you understand? I'm trying to indicate to you as strongly as I can that there's no pressure for you to enter a plea here today. I modified your bond because you haven't been here in seven months; you understand?

[APPELLANT]: Yes, sir.

THE COURT: But the fact that you quickly want to enter a plea, I want to make sure you're doing it for the right reasons.

[APPELLANT]: I am.

THE COURT: Are you?

[APPELLANT]: Yes.

THE COURT: Because you want to take responsibility for the offense; is that right?

[APPELLANT]: Just honestly, I thought about it. I should just be grateful for what the defense [sic] has offered me as is. Really.

{¶ 17} In addition to being assured by appellant that he desired to enter a no contest plea to the OVI charge, the court spoke with appellant's attorney about appellant's "change of heart." The public defender informed the court that he had discussed the matter with appellant, that appellant no longer wished to seek private counsel, and that appellant wished to enter a no contest plea. Counsel also informed the court that prior to the court's bond modification, in counsel's "private conversation before he [appellant] was locked up we were very close to considering doing that today anyway."

{¶ 18} Given the foregoing, we find no merit to appellant's claim that the municipal court's bond modification was a tool used to coerce him into entering a no contest plea. Rather, the record reflects that appellant's bond was modified as result of his failure to appear in the case. The record also reflects that appellant voluntarily, intelligently, and knowingly entered his plea after being advised of his rights in accordance with Traf.R. 10 and after receiving repeated assurances from the court that there was no pressure for him to enter a plea. Appellant's first assignment of error is, therefore, without merit and is overruled.

{¶ 19} Assignment of Error No. 2:

{¶ 20} THE TRIAL COURT ERRED IN IMPOSING A FIVE-DAY JAIL SENTENCE FOR FAILURE TO APPEAR.

{¶ 21} In his second assignment of error, appellant challenges the municipal court's imposition of his jail sentence. Appellant argues the municipal court erred when imposing his

sentence because the court sentenced him to five days in jail for his failure to appear, an offense for which he was not charged or convicted.

{¶ 22} As an initial matter, we must determine whether appellant's assigned error is ripe for our review. As this court has previously acknowledged, "[a] defendant convicted of a criminal offense must, *where practicable*, seek a stay of a sentence in order to defeat a claim of mootness." (Emphasis sic.) *Middletown v. Allen*, 63 Ohio App.3d 443 (12th Dist.1989), paragraph one of the syllabus. "When an appellant completes a misdemeanor sentence without requesting a stay pending appeal and does not offer evidence from which the appellate court could infer that the appellant would suffer collateral disability or loss of civil rights stemming from the misdemeanor conviction, the appeal is moot." *State v. Stutler*, 12th Dist. Butler No. CA2014-06-133, 2015-Ohio-726, ¶ 7, citing *State v. Boone*, 9th Dist. Summit No. 26104, 2013-Ohio-2664, ¶ 7. *See also State v. Berndt*, 29 Ohio St.3d 3, 4 (1987). "The burden of presenting evidence that he has such a 'substantial stake in the judgment of conviction' is upon the defendant." *Id.*, quoting *State v. Wilson*, 41 Ohio St.2d 236, 237 (1975).

{¶ 23} In the present case, appellant was sentenced to community control and to 90 days in jail, with 80 days suspended. With respect to the remaining 10-day jail sentence, the court broke the term up, giving appellant five days of "actual jail * * *mainly for your failure to appear," three days at RDIP, and 18 days of house arrest in lieu of the remaining two days. The record reflects that appellant has already served his jail-sentence. Therefore, there is no relief we can provide appellant regarding the court's imposition of a jail sentence. *See, e.g., Stutler* at ¶ 8; *Columbus v. Duff*, 10th Dist. Franklin No. 04AP-901, 2005-Ohio-2299, ¶ 12-13. Further, appellant has not claimed, nor demonstrated, that he will suffer some collateral disability or loss of civil rights resulting from his conviction. His assigned error is, therefore, moot.

{¶ 24}   However, even if appellant's second assignment of error were not moot, his argument that the municipal court erred in imposing his sentence is without merit.  Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion in misdemeanor sentencing to fashion sentences that are appropriate to each case.  *State v. Florence*, 12th Dist. Butler No. CA2013-08-148, 2014-Ohio-2337, ¶ 25; *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 25.  When determining the appropriate sentence, the trial court must be guided by the purposes of misdemeanor sentencing which are "to protect the public from future crime by the offender and others and to punish the offender."  R.C. 2929.21(A).  The trial court must also consider the factors listed in R.C. 2929.22(B)(1), including the nature and circumstances of the offense, and may consider any other factors that are relevant to achieving the purposes and principles of misdemeanor sentencing.   R.C. 2929.22(B)(2).

{¶ 25}   In the present case, the record from the May 24, 2016 hearing, as well as appellant's sentencing entry, indicates the municipal court "considered the principles and purposes of sentencing under Section 2929.21 of the ORC, and the sentencing factors of Section 2929.22 of the ORC" in imposing appellant's sentence for his OVI conviction.  The court discussed the seriousness of appellant's conduct and the threat he posed to the public on the night of the incident.  The court also considered appellant's failure to appear in the case for more than seven months in fashioning appellant's sentence.  Although the court inartfully stated it was imposing "actual jail" time "mainly for your failure to appear," the record demonstrates appellant's failure to appear was merely a consideration of the court for purposes of sentencing appellant on the OVI offense.  As this court, and many other appellate courts, have recognized, a defendant's failure to appear is an appropriate factor for a court to consider when evaluating an offender's likelihood of recidivism.  *State v. Endress*, 12th Dist. Butler No. CA2007-03-079, 2008-Ohio-1666, ¶ 4; *State v. Williams*, 7th Dist.

Mahoning No. 11 MA 131, 2012-Ohio-6277, ¶ 69; *State v. Daniels*, 1st Dist. Hamilton Nos. C-010070 and C-010087, 2001-Ohio-8749. Therefore, as the record reflects the court considered the purposes of sentencing under R.C. 2929.21 and 2929.22 and sentenced appellant within the statutory limits for a first-degree misdemeanor in accordance with R.C. 2929.24(A), we find no error in the municipal court's imposition of appellant's sentence.

{¶ 26} Accordingly, for the aforementioned reasons, appellant's second assignment of error is overruled.

{¶ 27} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.