[Cite as *State v. Jezioro*, 2017-Ohio-2587.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-10-088 |
| | : | O P I N I O N |
| - vs - | | 5/1/2017 |
| | : | |
| KIMBERLY A. JEZIORO, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2016 TRC 002035

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

David A. Chicarelli, 614 East Second Street, Franklin, Ohio 45005, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Kimberly Jezioro, appeals the sentencing decision of the Warren County Court. For the reasons detailed below, we affirm.

{¶ 2} On September 22, 2016, appellant pled guilty to operating a vehicle under the influence of alcohol ("OVI") in violation of R.C. 4511.19. That same day the trial court sentenced appellant to community control and ordered 180 days in jail with 174 of those days suspended.

{¶ 3} Appellant timely appealed from the sentencing decision and later moved for reconsideration of the six-day jail sentence and requested a hearing on the matter.[1] On September 26, 2016, appellant filed a supplemental motion for reconsideration in which she attached a doctor's report describing a medical condition. The trial court denied appellant's requests. We now address appellant's single assignment of error.

{¶ 4} THE TRIAL COURT COMMITTED AN ERROR AMOUNTING TO AN ABUSE OF DISCRETION WHEN IT SENTENCED APPELLANT PURSUANT TO ARBITRARY COURT POLICY, WHICH FAILS TO CONSIDER THE MANDATORY PROVISIONS OF R.C. 2929.22.

{¶ 5} In her sole assignment of error, appellant argues the trial court erred by imposing a six-day jail sentence without considering the purposes and principles of misdemeanor sentencing. Appellant asserts error because she believes the trial court has an arbitrary policy of not allowing a defendant to complete a Driver's Intervention Program ("DIP") if that person has completed it in the past. In addition, appellant argues the trial court did not adequately consider her emotional and mental condition, as attested to by a note from her doctor indicating that she was suffering from an anxiety disorder.

{¶ 6} We review a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. *State v. Wisby*, 12th Dist. Clermont No. CA2012-06-049, 2013-Ohio-1307, ¶ 29-33; *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 25. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Sanchez-Garza*, 12th

---

1. We note that "[t]rial courts lack authority to reconsider their own valid final judgments in criminal cases." *State v. Conn*, 12th Dist. Warren No. CA2014-10-132, 2015-Ohio-2468, ¶ 14, citing *State v. Raber*, 134 Ohio St.3d 350, 2012-Ohio-5636, ¶ 20. There is no authority for filing a motion for reconsideration of a final judgment at the trial court level in a criminal case and therefore a motion for reconsideration of a final judgment is a nullity. *State v. Leach*, 12th Dist. Clermont No. CA2004-02-011, 2005-Ohio-2370, ¶ 6. The state filed a motion to dismiss based on this reasoning. However, in an entry dated November 28, 2016, this court found that appellant appealed the original sentencing entry and jurisdiction was proper notwithstanding the motion to reconsider.

Dist. Butler No. CA2016-02-036, 2017-Ohio-1234, ¶ 33

{¶ 7} Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion when determining what sentence is appropriate for each given misdemeanor case. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 30. When determining the appropriate sentence, the trial court must be guided by the purposes of misdemeanor sentencing which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The trial court must also consider the factors listed in R.C. 2929.22(B)(1), including the nature and circumstances of the offense, and may consider any other factors that are relevant to achieving the purposes and principles of misdemeanor sentencing. R.C. 2929.22(B)(2). *State v. Briggs*, 12th Dist. Clermont No. CA2016-06-043, 2017-Ohio-686, ¶ 24. "Although it is preferable that the trial court affirmatively state on the record that it has considered the criteria set forth in R.C. 2929.22, the statute does not mandate that the record state that the trial court considered the applicable statutory factors." *Wisby* at ¶ 30. A trial court is presumed to have considered the statutory factors when the sentence is "within the statutory limits and there is no affirmative showing that the trial court failed to do so." *Id.*

{¶ 8} In support of her argument, appellant alleges the trial court has a court policy of refusing to allow defendants to participate in a DIP if they have previously completed the program, and refers to the following exchange:

> [APPELLANT'S TRIAL COUNSEL]: You're not going to allow her to do the three-day program, Your Honor? * * *
>
> THE COURT: No. She's already done it once.

Appellant interprets that statement as a court policy and relies on *State v. Piotrowski*, 10th Dist. Franklin No. 05AP-159, 2005-Ohio-4550, to support her argument. In that case, a defendant pled guilty to one count of OVI and the trial court imposed a jail term without

- 3 -

considering the mandatory factors set forth in R.C. 2929.22. The trial court stated on the record that it had a "policy on first time OMVIs," [sic] and proceeded to impose a sentence that included a jail term. *Id.* at ¶ 4. Instead of considering the mitigating factors, the Tenth District found that "the plain words the court used indicated the trial court sentenced defendant pursuant to its preconceived policy requiring a period of time in jail for OVI offenders." *Id.* at ¶ 8. In light of the trial court's reference to its "policy," the Tenth District concluded "that the trial court failed to consider the mandatory factors set forth in R.C. 2929.22 and thus abused its discretion in sentencing defendant pursuant to its policy." *Id.* at ¶ 9.

{¶ 9} However, unlike *Piotrowski*, we find no evidence of any court policy that the trial court considered paramount to the sentencing considerations provided by statute. Rather, the record reflects that the trial court considered the facts and circumstances of the case before imposing a sentence. We decline to find that the trial court was announcing a court policy based on the mere suggestion that appellant had already completed DIP in the past.

{¶ 10} In this case, the trial court imposed a six-day jail term, which is within the statutory limits and there is no affirmative indication that the trial court failed to consider the factors contained in R.C. 2929.21 and 2929.22. Consequently, the trial court is presumed to have complied with R.C. 2929.21 and 2929.22. Furthermore, at the sentencing hearing, the trial court considered appellant's argument, but noted that there were consequences for her actions. The trial court expressly acknowledged that appellant had taken responsibility for her actions and that was taken into consideration during sentencing. While emphasizing personal responsibility, the trial court also indicated that appellant should consult experts to determine whether she had a drinking problem and whether further recommendations were needed following an assessment.

{¶ 11} Based on our review of the record, we find no evidence of improper motive or

court policy in the trial court's sentencing decision. Accordingly, we do not find the trial court failed to consider the mandatory provisions contained in R.C. 2929.21 and 2929.22.

{¶ 12} Finally, we also note that appellant argues the trial court erred by declining to consider a letter written by appellant's doctor, which stated that appellant is suffering from anxiety and a jail term would not be beneficial to her treatment. However, we find no error in that decision. As noted above, the trial court imposed sentence prior to the introduction of the letter. Essentially, appellant's request was a motion for reconsideration, which the trial court did not have authority to consider. *Conn*, 2015-Ohio-2468 at ¶ 14. Nor do we believe that the letter from appellant's doctor presents a compelling reason to avoid jail.

{¶ 13} Finding no abuse of discretion in sentencing appellant, we find appellant's first assignment of error is without merit and is hereby overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.