# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DANIELLE MARIE VINKA,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 17 BE 0027**

---

Criminal Appeal from the
County Court Northern Division of Belmont County, Ohio
Case No. 16 TRD 02007

**BEFORE:**
David A. D'Apolito, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed

---

*Atty. Dan Fry*, Belmont County Prosecutor, and *Atty. Scott Lloyd*, Assistant Prosecuting Attorney, 147-A West Main Street, St. Clairsville, Ohio 43950, for Plaintiff-Appellee and

*Atty. Desirae DiPiero*, Desirae DiPiero, LLC, 8256 East Market Street, Suite 111, Warren, Ohio 44484, for Defendant-Appellant.

Dated: May, 22, 2019

_____

**D'Apolito, J.**

{¶1} Appellant Danielle Marie Vinka appeals her conviction by the Belmont County Court, Northern Division, following her guilty plea to one count of driving under suspension, in violation of R.C. 4510.11, a misdemeanor of the first degree. In her sole assignment of error, Appellant contends that her plea was invalid because the trial court failed to comply with the notice requirements of Crim.R. 11.

{¶2} The trial court has no obligation to review the specific constitutional rights that Appellant waived as a part of her plea to a petty offense. Accordingly, we find that her plea was knowingly, intelligently and voluntarily entered and affirm her conviction.

## ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT FAILED TO ADVISE APPELLANT OF THE EFFECT OF HER PLEA OF GUILTY.**

{¶3} At the plea hearing, the trial court engaged in the following colloquy with Appellant regarding her guilty plea:

THE COURT: Ms. Vinka, you've heard your attorney enter a plea of guilty on your behalf to one count of Driving Under Suspension. It's a misdemeanor of the first degree where you face up to six months in jail. It is your desire that your attorney enter a plea of guilty on your behalf to that charge?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And do you understand that with a plea of guilty, you're making a complete admission of your guilt and you're giving up all of your Constitutional rights?

THE DEFENDANT: Yes, sir.

THE COURT: The guilty plea is accepted.

(1/18/17 Plea Hrg., p. 4-5).

{¶4} The maximum penalty for a misdemeanor of the first degree is 180 days in jail. As the maximum penalty for the crime at issue is less than six months, it is a petty offense and the plea is governed by Crim.R. 11(E). In accepting a plea to a misdemeanor involving a petty offense pursuant to Crim R. 11(E), a trial court is required to inform the defendant only of the effect of the specific plea being entered. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677 (2007), paragraph one of the syllabus.

{¶5} To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B). *Id.* at paragraph two of the syllabus Crim.R 11(B), captioned "Effect of Guilty or No Contest Pleas," reads, in pertinent part, "[w]ith reference to the offense or offenses to which the plea is entered: (1) The plea of guilty is a complete admission of the defendant's guilt."

{¶6} Appellant argues that "the trial court failed to properly advise [Appellant] of the effect of her guilty plea as well as the rights she was waiving. As a result, Appellant's plea was not knowingly, intelligently, and voluntarily made." (Appellant's Brf. 5). However, the trial court did inform Appellant of the effect of her guilty plea, parroting the language in the criminal rule verbatim. Further, the notice requirements set forth in Crim.R 11(C) regarding the waiver of constitutional rights that apply to defendants entering a plea to a felony do not apply to defendants entering a plea to a petty offense.

{¶7} Because the trial court was required to fulfill the notice requirements set forth in Crim.R. 11(B), not Crim. R. 11(C), the trial court did not err when it did not specifically address Appellant's waiver of her right to a jury trial, to confront witnesses against her, to compulsory process, not to be compelled to testify, and to have her guilt proven beyond a reasonable doubt. Therefore, Appellant's argument that her guilty plea was not knowingly, intelligently, and voluntarily made must fail. Accordingly, we find that Appellant's guilty plea was valid, and her conviction is affirmed.

Waite, P.J., concurs.

Robb, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the County Court of Belmont County, Ohio, is affirmed.  Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure.  It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**