[Cite as *State v. Bleam*, 2025-Ohio-4629.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## WYANDOT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

BRENT M. BLEAM JR.,

    DEFENDANT-APPELLANT.

CASE NO. 16-25-02

OPINION AND
JUDGMENT ENTRY

Appeal from Upper Sandusky Municipal Court
Wyandot County
Trial Court No. CRB2500034

Judgment Affirmed

Date of Decision: October 6, 2025

APPEARANCE:

    *Howard A. Elliott* for Appellant

**MILLER, J.**

{¶1} Defendant-Appellant, Brent Bleam, Jr. ("Bleam"), appeals from the February 19, 2025 journal entry issued by the Upper Sandusky Municipal Court, sentencing him following his guilty plea to a first-degree misdemeanor offense. Bleam argues the trial court did not properly explain to him the consequence and effect of his guilty plea and erred in accepting his plea because it was not knowingly, intelligently, and voluntarily made. For the reasons that follow, we disagree with Bleam and affirm the trial court's judgment.

## I.    FACTS AND PROCEDURAL HISTORY

{¶2} Bleam was charged with committing domestic violence, in violation of R.C. 2919.25(A), a first-degree misdemeanor. On February 14, 2025, the trial court held an arraignment hearing. On the onset of the hearing, Bleam acknowledged he had received and read a printed explanation of rights and plea options. He told the trial court he had no questions about his rights or the available plea options. After confirming that Bleam had received a copy of the Complaint, the trial court explained the charge and potential fine and jail term that could be imposed. Bleam said he understood—and had no questions about—the nature of the charge and the possible penalties if he was convicted.

{¶3} Bleam told the trial court he wanted to plead guilty to the charge. Critically for purposes of this appeal, the trial court then asked Bleam, "You understand by entering a plea of guilty, it is a complete admission of your guilt as

to this charge?" (Feb. 14, 2025 Tr. at 6). Bleam responded, "Yes, sir." (*Id.*). Bleam then received and read a Waiver of Constitutional Rights form, and he informed the trial court he did not have any questions about the document and understood it. He then signed the document. Bleam confirmed he was not under the influence of any medications, drugs, or alcohol at the time. The trial court found that Bleam knowingly, voluntarily, and intelligently entered a plea of guilty, and it accepted that plea.

{¶4} On February 19, 2025, the trial court held a sentencing hearing. The court sentenced Bleam to a $250 fine and 180 days in jail, with 130 days suspended on the condition he complete a one-year period of community control. This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶5} Bleam raises a single assignment of error for our review:

**Assignment of Error**

**The trial court erred by accepting a plea which was not knowingly, intelligently, and voluntarily made and did not properly explain the consequences and effect of the plea, and the rights being waived by entering the plea to the defendant, requiring that the plea be vacated and remanded to trial court for further proceedings.**

## III. DISCUSSION

### A. Applicable Law

{¶6} "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *State v. Dangler*, 2020-Ohio-2765, ¶ 11. The rule

"sets forth distinct procedures, depending upon the classification of the offense involved." *State v. Jones*, 2007-Ohio-6093, ¶ 11. In deciding if a defendant is entitled to have his or her plea vacated, "the questions to be answered are simply: (1) has the trial court complied with the relevant provision of the rule? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 16-17.

{¶7} "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *Jones* at ¶ 6. In misdemeanor cases involving petty offenses, Crim.R. 11 provides that the court shall not accept a guilty plea without first informing the defendant of the effect of the plea. Crim.R. 11(E); *Jones* at paragraph one of the syllabus (clarifying that, "[i]n accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered"). The trial court may provide that information either orally or in writing. *Jones* at ¶ 51. Crim.R. 11(B) sets forth the appropriate language for the trial court to use in satisfying "the requirement of informing a defendant of the effect of a plea." *Id.* at paragraph two of the syllabus. For example, the appropriate explanation for a guilty plea is: "The plea of guilty is a complete admission of the defendant's guilt." Crim.R. 11(B)(1).

{¶8} Notably, with respect to cases involving only misdemeanor petty offenses, a trial court is *not* required to fulfill the notice requirements set forth in Crim.R. 11(C) (which apply to felony cases) or Crim.R. 11(D) (which apply to misdemeanor cases involving serious offenses). *State v. Vinka*, 2019-Ohio-2007, ¶ 6-7 (7th Dist.); *State v. Halderman*, 2025-Ohio-2253, ¶ 7, 9-10 (2d Dist.); *see also Jones* at ¶ 23 (the effect of the plea is not defined by the requirements of Crim.R. 11(C)(2)(c)). In other words, the trial court must fulfill additional requirements in those cases that involve guilty pleas to crimes more serious than misdemeanor petty offenses. *State v. Watkins*, 2003-Ohio-2419, ¶ 25-28.

### B.     Analysis

{¶9} Bleam makes two arguments in support of his assignment of error and assertion that his guilty plea must be vacated. First, he contends the trial court failed to ensure his plea was knowingly, intelligently, and voluntarily entered into because he was not advised of the rights he was waiving by entering a plea and the effect of the plea. Second, he attempts to bolster this argument by asserting that he may have been suffering from mental health issues at the time of his plea. We address each argument separately.

#### 1.     The trial court fulfilled its obligations in accepting Bleam's guilty plea

{¶10} First, Bleam argues that, although he signed a written waiver of constitutional rights, the trial court erred by failing to orally advise him of those rights set forth in Crim.R. 11(C)(2). Bleam is mistaken.

{¶11} Bleam pleaded guilty to a single charge of domestic violence as a first-degree misdemeanor. *See* R.C. 2919.25(D)(2). The maximum penalty was a fine and a definite jail term of not more than one hundred eighty days. *See* R.C. 2929.24(A)(1). Pursuant to Crim.R. 2(C) and (D), Bleam's offense was a "petty offense." Therefore, before accepting Bleam's guilty plea, "the court was required to inform [Bleam] that a plea of guilty is a complete admission of guilt." *Jones*, 2007-Ohio-6093, at ¶ 25; *see also* Crim.R. 11(B)(1), (E). The trial court did so— and much more—during the February 14, 2025 hearing before it accepted Bleam's guilty plea. The record demonstrates the trial court conducted a thorough plea colloquy, which was reinforced by Bleam initially reading a printed explanation of rights and plea options and, later, a written waiver form reviewed with Bleam and signed on the record. Importantly, the trial court did review with Bleam that his guilty plea was a complete admission of his guilt.

{¶12} Consequently, the trial court complied with the relevant provision of Crim.R. 11 at issue in this appeal. Although it is perhaps the better practice, the trial court was not required to advise him—orally or otherwise—of the rights set forth in Crim.R. 11(C)(2). That portion of the rule only applies to felony cases, and

Bleam relies on caselaw that is outdated to support his argument.[1] *See State v. Smith*, 2004-Ohio-1953, ¶ 6 (3d Dist.).

### 2. The record does not indicate Bleam's mental health affected his decision to plead guilty

**{¶13}** Second, Bleam argues that the record indicates "his mental health" may have presented a challenge to him at the time of the plea. (Appellant's Brief at 7). Although it was not specifically required by the Criminal Rules to engage in an extensive plea colloquy, the trial court did engage Bleam in a dialogue discussing his rights and the circumstances of the domestic violence charge. Only after accepting his plea, and discussing the issue of whether Bleam should be released on bond while the case was awaiting sentencing, did Bleam mention that he suffered from anxiety issues and PTSD for which he was previously prescribed medication.

**{¶14}** Based on our review of the record, there is no indication that Bleam's "mental health" requires the guilty plea to be vacated. Bleam said nothing in his conversation with the trial court to arouse concerns about his mental health or lack of understanding of the proceedings. Bleam was very familiar with the criminal justice system, as evidenced by him referencing his previous "violent felonies."

---

[1] Specifically, Bleam cites to *State v. James*, 2001-Ohio-2200, 2001 WL 424285 (3d Dist. Apr. 26, 2001) and *State v. Morrow*, 2002-Ohio-2982 (3d Dist.). (*See* Appellant's Brief at 4-5). In *James*, we found that "a defendant in a misdemeanor, petty offense must be advised of his constitutional rights as set forth in Crim.R. 11(C)(2)." *James* at *2. However, both of those cases were decided before the Supreme Court issued its decision in *Jones* and are no longer reliable precedent. *See also Watkins*, 2003-Ohio-2419, at ¶ 25-28 ("[f]or felony defendants, and only felony defendants, Crim.R. 11(C)(2)(c) adds something extra and separate—the judge must *also* inform the defendant of all the rights attendant to the trial that he is foregoing" (emphasis in original)).

Additionally, Bleam actively participated in the plea process, admitted to grabbing and pushing the victim, acknowledged that what he had done was wrong, and apologized. Bleam mentioned he had previously taken anxiety and PTSD medications, and he thought either counseling or being put on medication would help him more than sitting in a jail cell. The record does not indicate Bleam did not know and understand what he was doing by pleading guilty, or the consequences in doing so, due to any mental health issue. In fact, he made a lengthy, reasoned explanation of the circumstances surrounding the crime, his remorse, and his feelings on the best way to be rehabilitated. Because the trial court conducted a thorough plea colloquy, the court was able to both assess Bleam's ability to comprehend what was transpiring and could consider the information Bleam shared in return. We find no error in the trial court's acceptance of Bleam's guilty plea.

## IV. CONCLUSION

{¶15} For the foregoing reasons, Appellant's assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Upper Sandusky Municipal Court.

***Judgment Affirmed***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

Case No. 16-25-02

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.


Mark C. Miller, Judge


Juergen A. Waldick, Judge


John R. Willamowski, Judge

DATED:
/jlm