[Cite as *State v. Fisher*, 2020-Ohio-3764.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-10-080 |
| | : | O P I N I O N |
| - vs - | | 7/20/2020 |
| | : | |
| KEITH G. FISHER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 19 CRB 3988A


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**RINGLAND, J.**

{¶1} Appellant, Keith Fisher, appeals the sentencing decision of the Clermont County Municipal Court following his conviction on multiple counts for violating a protective order. For the reasons detailed below, we affirm.

{¶2} On August 15, 2018, the Clermont County Domestic Relations Court issued a Domestic Violence Civil Protection Order ("DVCPO") against Fisher. As relevant here,

the DVCPO was issued following a number of domestic incidents initiated by Fisher against his former partner, L.H., and her family. The DVCPO protected L.H., their son, and L.H.'s mother. The DVCPO prohibited Fisher from having any contact with the protected parties "even with the permission of a protected person" effective until July 20, 2023.

{¶3} The DVCPO listed numerous incidents giving rise to the issuance of the order including an incident on July 16 where Fisher called and texted L.H. 300 times in five hours until L.H. contacted law enforcement. Shortly before the DVCPO was issued, Fisher was separately charged with telecommunications harassment for the actions he undertook on July 16. Fisher pled guilty to that offense and was sentenced to 180 days in jail. *State v. Fisher*, Clermont M.C. No. 2018 CRB 3823 (Aug. 17, 2018).

{¶4} Since the issuance of the DVCPO, the state has filed additional charges against Fisher for violating the protection order, menacing by stalking, and telecommunications harassment:

(1) On February 1, 2019, in Case No. 19 CRB 508, Fisher was charged with violation of a protection order. This charge was dismissed on February 7, 2019.

(2) On March 12, 2019, in Case No. 19 CRB 1103, Fisher was charged with violation of a protection order. This charge was dismissed on April 17, 2019.

(3) On April 16, 2019, in Case No. 2019 CRB 383, Fisher was charged with three counts of telecommunications harassment and one count of violation of a protection order. Due to uncooperative witnesses, these charges were dismissed on August 28, 2019.

(4) On April 30, 2019, in Case No. 2019 CRA 1966, Fisher was charged with one count of menacing by stalking. The case was dismissed for presentment to the grand jury on May 13, 2019.

(5) On May 23, 2019, in Case No. 2019 CR 512, Fisher was indicted for two counts of menacing by stalking and three counts of violating a protection order. The state dismissed these charges on August 13, 2019.

(6) On August 6, 2019, in Case No. 2019 CR 755, Fisher was reindicted on two counts of menacing by stalking for conduct and three counts of violation of a protection order. This case was dismissed on August 28, 2019 due to uncooperative witnesses.

{¶5} On August 28, 2019, Fisher was charged with nine counts of violating a protection order for conduct occurring on August 16, 17, 18, 19, 20, 21, 22, 26, and 27 in 2019.[1] The state chose to proceed without the cooperation of the protected parties and the case was tried to the bench. During trial, the state presented evidence collected from the Clermont County Jail's phone system, which captured Fisher calling and speaking with L.H. six separate times in violation of the DVCPO.

{¶6} The trial court found Fisher guilty of six counts of violating a protection order and sentenced him to 180 days in jail for each count and ordered that three of those terms be served consecutively for a total jail term of 540 days. Fisher now appeals, raising two assignments of error for review.

{¶7} Assignment of Error No. 1:

{¶8} THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO 540 DAYS IN JAIL.

{¶9} In his first assignment of error, Fisher argues the trial court erred by sentencing him to 540 days in jail. In so doing, Fisher alleges that his sentence was not commensurate with the seriousness of his conduct or its impact on the victim. Further, Fisher maintains that the trial court's decision was unreasonable and suggests that the trial court's decision was motivated by some personal animus against him. We find Fisher's argument to be without merit.

{¶10} We review a trial court's sentence on a misdemeanor violation under an abuse

---

1. The state ultimately chose to dismiss three of the counts for violating the DVCPO.

of discretion standard. *State v. Jezioro*, 12th Dist. Warren No. CA2016-10-088, 2017-Ohio-2587, ¶ 6. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Sanchez-Garza*, 12th Dist. Butler No. CA2016-02-036, 2017-Ohio-1234, ¶ 33

{¶11} Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion when determining what sentence is appropriate for each given misdemeanor case. *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 30. When determining the appropriate sentence, the trial court must be guided by the purposes of misdemeanor sentencing which are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). The trial court must also consider the factors listed in R.C. 2929.22(B)(1), including the nature and circumstances of the offense, and may consider any other factors that are relevant to achieving the purposes and principles of misdemeanor sentencing. R.C. 2929.22(B)(2). *State v. Briggs*, 12th Dist. Clermont No. CA2016-06-043, 2017-Ohio-686, ¶ 24.

{¶12} Following review, we find the trial court did not abuse its discretion in its sentencing decision. The record reflects that Fisher's sentence is within the permissible sentencing range and the trial court specifically stated that it had considered the relevant sentencing factors. The trial court noted that Fisher had a lengthy history of harassment and violence including charges of aggravated menacing, menacing, attempted assault, felonious assault, and abduction. While Fisher downplays the significance of the violations as consensual and as having no negative impact on the victim, the trial court specifically addressed those arguments when imposing sentencing.

> There's been some talk about how that contact may have been consensual, that may be so but there's a reason why the protection order that you were served with says that it doesn't matter whether they consent, that's because a lot of times victims of abuse will consent even when they don't want to

because they're afraid of you, Mr. Fisher.

As such, Fisher's arguments that the phone calls were consensual or had no negative impact on the victim are without merit. Nor is it compelling that the victim later sought to remove the DVCPO and failed to cooperate with the state in the prosecution of this offense.

{¶13} Secondarily, Fisher argues that the trial court's decision was an abuse of discretion because he had already served 185 days in jail for other violations of the protection order—165 of which were associated with cases that were subsequently dismissed. However, there can be no dispute that those were separate, unrelated charges involving different conduct on different dates. We fail to see how the trial court abused its discretion in this case by not affording credit to Fisher for time spent in jail while on other charges. To the contrary, in this case, the trial court appropriately imposed the relevant sentence for the relevant violation after considering the purposes and principles of misdemeanor sentencing as required by R.C. 2929.22(B)(2).

{¶14} Finally, Fisher argues the trial court's decision was an abuse of discretion because the trial court spoke to Fisher in an "unconscionable" manner. Fisher specifically references part of the transcript from the sentencing hearing where the trial court stated:

> I find that on your record and your history they [the protected parties] would have good reason to be afraid of you, I find you add absolutely no value to society, you do nothing except jam up our jail and unfortunately what I'm going to do today is I'm going to sentence you to consecutive sentences and they're going to total * * * 540 days.

{¶15} While arguably harsh, the trial court's statement accurately reflects the facts of this case and Fisher's lengthy history of criminality and violence that has amounted to several incarcerations. We do not find these statements to reveal a due process violation or any antagonism that make "fair judgment impossible." *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, ¶ 48. Rather, the trial court's critical statement about Fisher's

conduct was based on facts presented to the court. *Id.* ("judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge"); *State v. Filous*, 8th Dist. Cuyahoga No. 104287, 2016-Ohio-8312, ¶ 16. Though the trial court's characterization of Fisher and his lengthy criminal history may have been harsh, we do not find that it amounts to judicial bias. There being no abuse of discretion in the trial court's sentence, we find Fisher's first assignment of error without merit and it is hereby overruled.

{¶16} Assignment of Error No. 2:

{¶17} THE TRIAL COURT ERRED IN FAILING TO APPLY 185 DAYS JAIL-TIME CREDIT TOWARD APPELLANT'S 540 DAY JAIL SENTENCE.

{¶18} In his second assignment of error, Fisher argues the trial court erred by failing to apply 185 days of jail-time credit. Fisher's argument is without merit.

{¶19} The Equal Protection Clause requires that all time spent in jail prior to trial and prior to commitment must be credited to the prisoner's sentence. *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, ¶ 7. Ohio codified this principle within R.C. 2949.08, which states that a prison term shall be reduced "by the total number of days the person was confined for any reason arising out of the offense for which the person was convicted and sentenced, including confinement in lieu of bail while awaiting trial * * *." R.C. 2949.08; *see* R.C. 2967.191 (prison terms). However, an offender is not entitled to jail-time credit for any period of incarceration that arose from facts which are separate and apart from those on which his current sentence is based. *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 12.

{¶20} In the present case, Fisher was charged with separate, unrelated offenses between February 1, 2019 and August 6, 2019.

(1) On February 1, 2019, in Case No. 19 CRB 508, Fisher was

charged with violation of a protection order. This charge was dismissed on February 7, 2019.

(2) On March 12, 2019, in Case No. 19 CRB 1103, Fisher was charged with violation of a protection order. This charge was dismissed on April 17, 2019.

(3) On April 16, 2019, in Case No. 2019 CRB 383, Fisher was charged with three counts of telecommunications harassment and one count of violation of a protection order. Due to uncooperative witnesses, these charges were dismissed on August 28, 2019.

(4) On April 30, 2019, in Case No. 2019 CRA 1966, Fisher was charged with one count of menacing by stalking. The case was dismissed for presentment to the grand jury on May 13, 2019.

(5) On May 23, 2019, in Case No. 2019 CR 512, Fisher was indicted for two counts of menacing by stalking and three counts of violating a protection order. The state dismissed these charges on August 13, 2019.

(6) On August 6, 2019, in Case No. 2019 CR 755, Fisher was reindicted on two counts of menacing by stalking for conduct and three counts of violation of a protection order. This case was dismissed on August 28, 2019 due to uncooperative witnesses.

{¶21} Fisher was not charged with the instant offense until August 28, 2019, the same day that the state dismissed Case No. 2019 CR 755. On that date, the only offenses pending were the instant offenses. Thus, the date for calculating the amount of credit is August 28, 2019. The trial court sentenced Fisher on September 17, 2019. As a result, the maximum amount of jail-time credit Fisher was eligible for was 20 days.[2] As we held in *Edmonds*, a defendant is "not entitled to jail-time credit for any period of incarceration that arose from facts which are separate and apart from those on which his current sentence is based." *Edmonds* at ¶ 12. Since Fisher was not incarcerated due to the instant offense until August 28, 2019, he was not entitled to jail-time credit for his prior incarceration.

---

2. Due to some confusion below, Fisher was given 29 days of jail-time credit. The state has not appealed from that decision giving Fisher the additional days of jail-time credit.

Fisher's second assignment of error is without merit and is hereby overruled.

{¶22} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.