[Cite as *State v. Henson*, 2021-Ohio-38.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO . CA2020-07-037 |
| | : | O P I N I O N |
| - vs - | | 1/11/2021 |
| | : | |
| MICHAEL B. HENSON, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2007 TRC 9558


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**S. POWELL, J.**

{¶ 1} Appellant, Michael B. Henson, appeals the decision of the Clermont County Municipal Court ordering him to serve three consecutive 180-day jail sentences after he pled guilty to three first-degree misdemeanor offenses.[1] For the reasons outlined below,

---

1. Pursuant to Loc.R. (6)(A), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

we affirm the trial court's decision.

## Facts and Procedural History

{¶ 2} On August 22, 2007, Henson pled guilty to operating a vehicle while under the influence of alcohol. Following his guilty plea, the trial court sentenced Henson to two years of nonreporting probation. The terms of Henson's probation included a term that required Henson to complete a treatment program at the Clermont Recovery Center. However, because Henson failed to attend the treatment program as ordered, the trial court later modified Henson's probation status from nonreporting probation to reporting probation. This modification occurred on July 11, 2008.

{¶ 3} On March 19, 2009, a notice was filed with the trial court alleging Henson had violated the terms of his probation by (1) admittedly smoking marijuana, (2) failing to report to the Adult Probation Department as directed, (3) failing to obtain lawful employment, and by (4) failing to complete the treatment program at the Clermont Recovery Center. Upon receiving this notice, the trial court scheduled a hearing on the matter for April 24, 2009. Henson did not appear at this hearing and the trial court issued a bench warrant for his arrest. This bench warrant was issued on April 28, 2009.

{¶ 4} Over 11 years later, on May 25, 2020, Henson was arrested on that outstanding bench warrant. Henson's arrest occurred after an officer with the Union Township Police Department received a report of a "hit/skip" accident. This report indicated that the vehicle involved in the accident was "all over the road" and was missing one of its front tires. The officer soon located the three-wheeled vehicle and attempted to conduct a traffic stop. The vehicle, however, did not stop and continued to travel for nearly five miles until the vehicle reached an apartment complex. After reaching the apartment complex, the driver, who was later identified as Henson, exited the vehicle and was taken into custody.

{¶ 5} On June 5, 2020, Henson pled guilty to leaving the scene of an accident,

operating a vehicle while under the influence of alcohol, and violating the terms of his probation, all first-degree misdemeanors. After accepting Henson's guilty plea, the trial court proceeded to sentencing and sentenced Henson to serve three consecutive 180-day jail sentences for a total, aggregate sentence of 540 days in jail. The trial court also ordered Henson to pay a fine of $375 plus court costs and suspended Henson's driver's license for a period of three years.

{¶ 6} In issuing its sentencing decision, the trial court stated, in pertinent part, the following:

> Mr. Henson, I have considered the purposes and principles of sentencing. Amongst those principles are the fact that you are here on a probation violation from 2007, where you violated your probation. Never really showed up after it had been modified to reporting here in court. A bench warrant was issued. And while this case was pending and the warrant was out in this case, you have now picked up an OVI offense and a leaving the scene of the accident offense.

{¶ 7} The trial court also stated:

> Based upon all of the facts that this Court had considered at this point in time, I'm going to indicate for the record that these three sentences are to be served consecutive to one another. So the total jail sentence of 540 days.

{¶ 8} Henson now appeals the trial court's decision sentencing him to serve three consecutive 180-day jail sentences, raising the following single assignment of error for review.

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLATE (sic) TO CONSECUTIVE SENTENCES.

{¶ 10} Henson argues the trial court erred by ordering him to serve three consecutive 180-day jail sentences after he pled guilty to three first-degree misdemeanor offenses. Henson supports this claim by arguing that his conduct, although wrong, did not warrant the trial court imposing what amounts to a total, aggregate 540-day jail sentence. We disagree.

**Standard of Review: Abuse of Discretion**

{¶ 11} This court reviews a trial court's sentence on a misdemeanor violation under an abuse of discretion standard. *State v. Jezioro*, 12th Dist. Warren No. CA2016-10-088, 2017-Ohio-2587, ¶ 6, citing *State v. Wisby*, 12th Dist. Clermont No. CA2012-06-049, 2013-Ohio-1307, ¶ 29-33; and *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 25. An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Sanchez-Garza*, 12th Dist. Butler No. CA2016-02-036, 2017-Ohio-1234, ¶ 33. "A decision is unreasonable where a sound reasoning process does not support it." *State v. Miller*, 12th Dist. 2016-Ohio-7360, ¶ 7, citing *AAAA Ents., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). "[A]n 'arbitrary' decision is one made 'without consideration of or regard for facts [or] circumstances.'" *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, ¶ 12, quoting Black's Law Dictionary 125 (10th Ed.2014). "'An unconscionable decision may be defined as one that affronts the sense of justice, decency, or reasonableness.'" *State v. Wane*, 12th Dist. Butler Nos. CA2020-01-010, CA2020-01-011, CA2020-01-014, and CA2020-01-015, 2020-Ohio-4874, ¶ 22, quoting *Campbell v. 1 Spring, LLC*, 10th Dist. Franklin No. 19AP-368, 2020-Ohio-3190, ¶ 9, citing *Porter, Wright, Morris & Arthur, LLP v. Frutta Del Mondo, Ltd.*, 10th Dist. Franklin No. 08AP-69, 2008-Ohio-3567, ¶ 11.

**Rule of Law: Misdemeanor Sentencing Scheme**

{¶ 12} "Pursuant to R.C. 2929.21 and 2929.22, trial courts have broad discretion when determining what sentence is appropriate for each given misdemeanor case." *State v. Fisher*, 12th Dist. Clermont No. CA2019-10-080, 2020-Ohio-3764, ¶ 11, citing *State v. Kinsworthy*, 12th Dist. Warren No. CA2013-06-060, 2014-Ohio-2238, ¶ 30. When determining what sentence is appropriate for each given misdemeanor case, the trial court

must be guided by the overriding purposes of misdemeanor sentencing. *State v. Doty*, 12th Dist. Clermont No. CA2018-07-055, 2019-Ohio-917, ¶ 27. "The two overriding purposes of misdemeanor sentencing are to punish the offender and to protect the public from future crime by the offender." *State v. Hause*, 12th Dist. Warren No. CA2008-05-063, 2009-Ohio-548, ¶ 23, citing R.C. 2929.21(A). To achieve these purposes, the trial court must consider "the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(A). The sentence imposed by the trial court must also be "reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing" set forth above, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim," and "consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

{¶ 13} In determining the appropriate sentence for a misdemeanor offense, the trial court must consider all of the factors set forth in R.C. 2929.22(B)(1). Those factors are as follows:

> (a) The nature and circumstances of the offense or offenses;
>
> (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
>
> (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
>
> (d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

{¶ 14} The trial court may also consider any other factors that are relevant to achieving the purposes and principles of misdemeanor sentencing. R.C. 2929.22(B)(2).

{¶ 15} The trial court is "presumed to have considered the statutory factors" set forth in R.C. 2929.21 and 2929.22 "when the sentence is 'within the statutory limits and there is no affirmative showing that the trial court failed to do so.'" *Kinsworthy*, 2014-Ohio-2238 at ¶ 30, quoting *State v. Collins*, 3d Dist. Allen Nos. 1-05-15 and 1-05-21, 2005-Ohio-4755, ¶ 12. This is because, "[a]lthough it is preferable that the trial court affirmatively state on the record that it has considered the criteria set forth" within those two statutes, neither statute mandates "that the record state that the trial court considered the applicable statutory factors." *Kinsworthy*. Therefore, in the case of a silent record, there is a presumption that the trial court considered the necessary statutory criteria absent an affirmative showing by the defendant that it did not. *State v. Florence*, 12th Dist. Butler No. CA2013-08-148, 2014-Ohio-2337, ¶ 26; *see State v. Reynolds*, 12th Dist. Brown No. CA2000-11-035, 2001 Ohio App. LEXIS 3164, *11 (July 16, 2001) (a silent record raises the presumption that the trial court correctly considered the appropriate sentencing criteria).

**Rule of Law: Consecutive Sentences for Misdemeanor Offenses**

{¶ 16} R.C. 2929.41(B)(1) addresses the imposition of consecutive sentences for misdemeanor offenses. Pursuant to that statute, so long as the aggregate jail term to be served does not exceed 18 months:

A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively or when it is imposed for a misdemeanor violation of section 2907.322, 2921.34, or 2923.131 of the Revised Code.

{¶ 17} The trial court is not required to make consecutive sentence findings under R.C. 2929.14(C)(4) prior to ordering consecutive sentences for jail terms imposed for misdemeanor offenses. *State v. Prickett*, 12th Dist. Butler No. CA2017-01-010, 2017-Ohio-8128, ¶ 24; *State v. Burley*, 7th Dist. Mahoning No. 16 MA 0076, 2017-Ohio-378, ¶ 10 ("trial courts are authorized to order consecutive jail terms for misdemeanor offenses [up to 18 months] without making consecutive sentence findings"). That statute is instead reserved for circumstances where the trial court imposes consecutive sentences for prison terms imposed for felony offenses. *See State v. Whitman*, 5th Dist. Ashland Nos. 18-COA-030 and 18-COA-031, 2019-Ohio-2307, ¶ 71 ("[i]n contrast to consecutive prison terms for felonies imposed under R.C. 2929.14[C][4], trial courts are authorized to order consecutive jail terms for misdemeanor offenses [up to 18 months] without making consecutive sentence findings"); *State v. Alexander*, 8th Dist. Cuyahoga No. 102708, 2016-Ohio-204, ¶ 7 ("R.C. 2929.14[C][4], the statutory section authorizing the imposition of consecutive service of prison terms, is not applicable" when ordering consecutive service of misdemeanor jail terms). The trial court need only "specify" that the jail terms being imposed were to be served consecutively. *State v. Jones*, 8th Dist. Cuyahoga No. 108438, 2020-Ohio-1273, ¶ 19.

**Analysis**

{¶ 18} After a thorough review of the record, we find no error in the trial court's decision to sentence Henson to serve 180 days in jail for each of the three first-degree misdemeanor offenses for which he pled guilty. We also find no error in the trial court's

decision ordering those jail terms to be served consecutively. The sentence imposed for each offense falls within the statutory limits for a first-degree misdemeanor offense. R.C. 2929.24(A)(1) (capping the jail term a trial court can impose for a first-degree misdemeanor offense at 180 days). And, because there is no affirmative indication that the trial court failed to consider any of the mandatory provisions set forth in either R.C. 2929.21 or 2929.22, the trial court is presumed to have complied with both statutes prior to issuing its sentencing decision. *Jezioro*, 2017-Ohio-2587 at ¶ 7 ("[a] trial court is presumed to have considered the statutory factors when the sentence is within the statutory limits and there is no affirmative showing that the trial court failed to do so").

{¶ 19} The trial court also specifically stated during Henson's sentencing hearing, as well as in its corresponding sentencing entries, that the three 180-day jail terms being imposed were to be served consecutively. This sentence, when taken in the aggregate, is less than the maximum permissible 18-month jail term. Therefore, given the above, and when considering the underlying facts and circumstances of this case, we find no error in the trial court's decision to sentence Henson to serve three consecutive 180-day jail sentences after he pled guilty to three first-degree misdemeanor offenses. *See, e.g., State v. Briggs*, 12th Dist. Clermont No. CA2016-06-043, 2017-Ohio-686, ¶ 25 (trial court's sentencing decision was proper where "the record reflects the court considered the purposes of sentencing under R.C. 2929.21 and 2929.22 and sentenced appellant within the statutory limits for a first-degree misdemeanor in accordance with R.C. 2929.24[A]"). Accordingly, finding no merit to any of the arguments raised herein, Henson's single assignment of error lacks merit and is overruled.

Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.