[Cite as *State v. Takacs*, 2023-Ohio-3302.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,
CITY OF CONNEAUT,

Plaintiff-Appellee,

- vs -

DAVID TAKACS,

Defendant-Appellant.

CASE NO. 2023-A-0021

Criminal Appeal from the
Conneaut Municipal Court

Trial Court No. 2023 CRB 00039

# **O P I N I O N**

Decided: September 18, 2023
Judgment: Affirmed

*John D. Lewis*, Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, David Takacs, appeals his sentence for illegal use or possession of drug paraphernalia. For the following reasons, Takacs' sentence is affirmed.

{¶2} On April 3, 2023, Takacs entered a plea of "guilty" in Conneaut Municipal Court to illegal use or possession of drug paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1). For a fourth degree misdemeanor, the court may impose a definite jail term of "not more than thirty days." R.C. 2929.24(A)(4). In exchange for

Takacs' plea, the State recommended "probation, whatever fine the Court deems appropriate, and the court costs of the case."

{¶3} At sentencing, the municipal court engaged in the following colloquy with Takacs:

> The Court: Mr. Takacs, you have quite a criminal history. When did you get out of prison?
>
> Mr. Takacs: About a year and a half ago, * * * right around the 4th of July I believe it was.
>
> The Court: Well, your last conviction which you just got out of prison for was Attempted Illegal Conveyance of Drugs of Abuse onto a correctional facility, and that appears to be what you just were serving prison time on. But OVI in 2021; but, I mean, probation violations out the gazoo; * * * drug related offenses. * * * This case could have easily been charged with an enhancement to an M1 with all of the drug-related offenses you have. * * * I don't know. You don't get it. 30 days in jail. * * * I'm giving him the maximum sentence. I mean, * * * your record is horrendous; absolutely, absolutely horrendous. And, yet, you still have a meth pipe.

The court ordered Takacs to pay court costs but did not impose a fine and subsequently stayed the sentence pending appeal.

{¶4} On April 10, 2023, Takacs filed a Notice of Appeal. On appeal, he raises the following assignment of error: "Did the trial court err in imposing a maximum sentence rather than adopt the recommendation for community control sanctions."

{¶5} "A court that sentences an offender for a misdemeanor * * * shall be guided by the overriding purposes of misdemeanor sentencing." R.C. 2929.21(A). "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." *Id.* "A sentence imposed for a misdemeanor * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the

2

seriousness of the offender's conduct * * *, and consistent with sentences imposed for similar offenses committed by similar offenders."  R.C. 2929.21(B).

{¶6}    "In determining the appropriate sentence for a misdemeanor, the court shall consider * * * [t]he nature and circumstances of the offense" and "[w]hether the circumstances regarding the offender and the offense * * * indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense."  R.C. 2929.22(B)(1)(a) and (b).  "A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future criminal offense."  R.C. 2929.22(C).

{¶7}    "Misdemeanor sentencing lies within the discretion of the trial court and will not be disturbed absent an abuse of discretion."  *State v. Hogya*, 11th Dist. Lake Nos. 2022-L-058 and 2022-L-059, 2023-Ohio-342, ¶ 14.

{¶8}    On appeal, Takacs argues the municipal court's "maximum sentence is contrary to the purposes and principles of misdemeanor sentencing."  Brief of Defendant-Appellant at 3.  He notes that possessing drug paraphernalia is not a violent offense and that he pled to the lowest level of misdemeanor offense.  Despite previous convictions, Takacs argues he "should be given credit for accepting responsibility for his actions in committing the offense" and the "significant amount of time out of custody without committing new offenses before this incident."  Finally, Takacs argues that, "[b]y sentencing [him] to maximum imprisonment in this case, the trial court prevented [him]

3

Case No. 2023-A-0021

from engaging in treatment for his substance use disorder and prevented [him] from entering the workforce." Brief of Defendant-Appellant at 2-3.

{¶9} We find no abuse of discretion in the imposition of the maximum jail term inasmuch as Takacs' conduct and response to prior sanctions for offenses demonstrate the need for such a term as a deterrent to future offenses. We recognize that "rehabilitating the offender" is a valid consideration for the sentencing court to achieve the purposes of misdemeanor sentencing (although not itself one of the overriding purposes of misdemeanor sentencing). R.C. 2929.21(A). In the present case, however, Takacs was scheduled to begin his IOP (intensive outpatient program) at Ravenwood on the day of sentencing and was supposed to begin work during the week of sentencing. Takacs' incipient efforts at rehabilitating himself do not render the court's determination that his criminal past merits the maximum jail term an abuse of discretion.

{¶10} The sole assignment of error is without merit.

{¶11} For the foregoing reasons, Takacs' sentence for illegal use or possession of drug paraphernalia is affirmed. Costs to be taxed against the appellant.


EUGENE A. LUCCI, J.,

ROBERT J. PATTON, J.,

concur.

4