[Cite as *State v. Fromknecht*, 2023-Ohio-4604.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF CONNEAUT,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>CHRISTOPHER FROMKNECHT,<br><br>Defendant-Appellant. | CASE NOS. 2023-A-0041<br>2023-A-0043<br><br>Criminal Appeals from the<br>Conneaut Municipal Court<br><br><br>Trial Court Nos. 2023 CRB 00134 A<br>2023 CRB 00134 B |

## O P I N I O N

Decided: December 18, 2023
Judgment: Affirmed

*John D. Lewis*, Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Christopher Fromknecht, appeals his sentences for Aggravated Menacing, Telecommunications Harassment, and a Probation Violation. For the following reason, Fromknecht's sentences are affirmed.

{¶2} On June 14, 2023, Fromknecht pled guilty to Aggravated Menacing, a misdemeanor of the first degree in violation of R.C. 2903.21(A) (Conneaut Mun. No. 23CRB00134-A), and Telecommunications Harassment, a misdemeanor of the first degree in violation of R.C. 2917.21(A)(1) (Conneaut Mun. No. 23CRB00135-C), and

admitted a Probation Violation (Conneaut Mun. No. 23CRB00136). The municipal court sentenced him to the maximum of 180 days in jail for Aggravated Menacing; the maximum of 180 days in jail for Telecommunications Harassment; and for the Probation Violation a jail sentence of 120 days and a suspended sentence of 180 days. The sentences were ordered to be served consecutively and, for Conneaut Mun. Nos. 23CRB00134-A and 23CRB00135-C, were stayed pending appeal.

{¶3} Fromknecht filed timely Notices of Appeal. On appeal, he raises the following assignment of error: "The trial court clearly and convincingly committed prejudicial error that deprived Christopher Fromknecht of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution and violated Revised Code 2953.08 by sentencing him to maximum and consecutive jail sentences."

{¶4} Contrary to the assertions in the assignment of error, Fromknecht's convictions are misdemeanor convictions to which R.C. 2953.08 and case law relevant to felony sentencing does not apply.

{¶5} "A court that sentences an offender for a misdemeanor * * * shall be guided by the overriding purposes of misdemeanor sentencing." R.C. 2929.21(A). "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender." *Id.* "A sentence imposed for a misdemeanor * * * shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct * * *, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B). "In determining the

2

appropriate sentence for a misdemeanor, the court shall consider * * * [t]he nature and circumstances of the offense" and "[w]hether the circumstances regarding the offender and the offense * * * indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense." R.C. 2929.22(B)(1)(a) and (b).

{¶6} "A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future criminal offense." R.C. 2929.22(C). "Although R.C. 2929.22(C), identifies the circumstances under which a maximum sentence is permissible, it does not require the trial court to make any explicit findings." *State v. Scott*, 2023-Ohio-476, 208 N.E.3d 1038, ¶ 10 (2d Dist.). "[W]hen the misdemeanor offender's sentence is within the statutory limits and there is no affirmative indication on the record that the trial court failed to consider the factors set forth in R.C. 2929.22, the reviewing court is to presume the trial court considered the applicable statutory factors when it imposed the sentence." *State v. Corradetti*, 11th Dist. Lake No. 2021-L-079, 2022-Ohio-1279, ¶ 44; *Scott* at ¶ 10.

{¶7} "A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively * * *, except that the aggregate term to be served shall not exceed eighteen months." R.C. 2929.41(B)(1). "The trial court is not required to make consecutive sentence findings under R.C. 2929.14(C)(4) prior to ordering consecutive sentences for jail terms imposed for misdemeanor offenses." *State*

3

*v. Henson*, 12th Dist. Clermont No. CA2020-07-037, 2021-Ohio-38, ¶ 17. "The trial court need only 'specify' that the jail terms being imposed were to be served consecutively." *Id.*

{¶8} "Misdemeanor sentencing lies within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *State v. Hogya*, 11th Dist. Lake Nos. 2022-L-058 and 2022-L-059, 2023-Ohio-342, ¶ 14; *State v. Hill*, 70 Ohio St.3d 25, 29, 635 N.E.2d 1248 (1994) ("as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits").

{¶9} In the present case, the municipal court imposed the maximum sentence for first-degree misdemeanors within the statutory limits and specified that the sentences be served consecutively. R.C. 2929.24(A)(1) ("[f]or a misdemeanor of the first degree, not more than one hundred eighty days"). There is no affirmative indication that the court failed to abide by the appropriate sentencing considerations.

{¶10} Fromknecht also contends that his sentence was the product of vindictive sentencing. His reliance on *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, is misplaced inasmuch as *Rahab* involved vindictiveness in resentencing after a successful appeal. Nonetheless, "[w]hen imposing sentence, courts must be faithful to the law, must not be swayed by public clamor, media attention, fear of criticism, or partisan interest, and must be mindful of the obligation to treat litigants and lawyers with dignity and courtesy." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶ 25.

4

{¶11} Fromknecht cites the following exchange from the sentencing hearing as demonstrative of vindictiveness:

> The Court: What's amazing to me, Mr. Fromknecht, is that you find a new job, you become gainfully employed - - apparently, your employer, Premix, is happy with your performance there - -
>
> Fromknecht: Yes, sir.
>
> The Court: - - and in the midst of all of it, you're on probation, and you just neglect to follow through with the responsibilities that were imposed on you through probation; and then you not only neglect, you just defy a court order that has been previously imposed that you have no contact with Shawna Popka.
>
> Fromknecht: I was told by Shawna - -
>
> The Court: Shut up.
>
> Fromknecht: All right, whatever.
>
> The Court: I gave you an opportunity to speak.
>
> Fromknecht: (Unintelligible) Shawna Popka there was no contact order.
>
> The Court: Shut up.
>
> Fromknecht: All right.
>
> The Court: You're going to listen to me now.
>
> Fromknecht: Yep.
>
> The Court: It - - it defies logic that you continue to defy a court order, and you shake your head as if you've done nothing wrong.
>
> Fromknecht: I ain't saying I haven't done nothing wrong, Your Honor.
>
> The Court: Okay.
>
> Fromknecht: I'm saying (unintelligible).
>
> The Court: I don't want to hear from you.

5

Fromknecht: Okay.

The Court: The point of it is, you've been in this court I don't know how many times - -

Fromknecht: Mm-hmm.

The Court: - - since I've been on the Bench. You're a frequent flyer, and here we are again defying court orders, especially failing to get treatment and moving to what is another life with another job assuming everything else is going to be just fine.

{¶12} We do not find the foregoing to be demonstrative of vindictiveness but, rather, the municipal court's impatience with Fromknecht's interruptions.

{¶13} The sole assignment of error is without merit.

{¶14} For the foregoing reasons, Fromknecht's sentences are affirmed. Costs to be taxed against the appellant.


MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.