[Cite as *Conneaut v. Fromknecht*, 2024-Ohio-1119.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| CITY OF CONNEAUT, | CASE NO. 2023-A-0051 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Conneaut Municipal Court |
| CHRISTOPHER FROMKNECHT, | |
| Defendant-Appellant. | Trial Court No. 2022 CRB 00136 C |

**O P I N I O N**

Decided: March 25, 2024
Judgment: Affirmed

*John D. Lewis*, Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, *Phillip L. Heasley* and *Michael J. Ledenko*, Assistant Public Defenders, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1}   Appellant, Christopher Fromknecht, appeals the entry finding him to have violated the conditions of his community control and ordering execution of a previously suspended 180-day jail term.   We affirm.

{¶2}   In March 2022, complaints were filed in the trial court in four separate "subcases" charging Fromknecht with aggravated menacing, a first-degree misdemeanor, in violation of the Codified Ordinances of the City of Conneaut ("Loc.Ord.")

537.05(a); telecommunications harassment, a first-degree misdemeanor, in violation of R.C. 537.10(A)(3); theft, a first-degree misdemeanor, in violation of Loc.Ord. 545.05(a)(1); and criminal trespass, a fourth-degree misdemeanor, in violation of Loc.Ord. 541.05(a)(1).

{¶3} Fromknecht initially pleaded not guilty to the charges. Following plea negotiations, Fromknecht pleaded guilty to the theft and aggravated menacing charges, and the telecommunications harassment and criminal trespass charges were dismissed. In 2022, the trial court sentenced Fromknecht to 180 days of confinement on the aggravated menacing charge, suspending 120 days subject to the conditions of supervised community control for three years, and to 180 days of confinement on the theft charge, suspending the entirety of the jail sentence subject to the conditions of supervised community control for three years. The entries provided that the sentences be served consecutively to the sentences in all other cases. The aggravated menacing sentencing entry provided that Fromknecht would have no contact with the victim.

{¶4} In May 2023, a community control revocation complaint was filed against Fromknecht. Fromknecht admitted violating the terms of community control. As a result, the court ordered that the balance of the jail term imposed in the aggravated menacing case be served. The trial court continued the suspension of the 180-day term of confinement imposed in the theft case, subject to conditions of community control, which it extended by two years and included the condition that Fromknecht have no contact with the victim.

{¶5} On July 26, 2023, another revocation complaint was filed alleging that Fromknecht had not complied with the terms of community control in that he violated the

2

no contact order after Fromknecht had been mistakenly released from confinement due to a stay of execution issued in a separate case. At the final revocation hearing, the victim testified that Fromknecht sent her a threatening email, which she read aloud. A screenshot of the email that the victim sent to law enforcement was admitted into evidence.

{¶6}   After hearing, the trial court issued an order finding that Fromknecht violated the terms of community control in the theft case. The court ordered him to serve 180 actual jail days, with 2 days of credit, consecutively to all other cases.[1]

{¶7}   In his sole assigned error, Fromknecht argues:

> The trial court clearly and convincingly committed prejudicial error that deprived Christop[h]er Fromknecht of due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article One, Section Ten of the Ohio Constitution and violated Revised Code 2953.08 by sentencing him to maximum and consecutive sentences.

{¶8}   At the outset, we note that Fromknecht maintains that this court should review misdemeanor sentences under the statutory framework applicable to felony sentences. However, R.C. 2953.08 and case law relevant to felony sentencing do not apply to misdemeanor convictions. *State v. Fromknecht*, 11th Dist. Ashtabula Nos. 2023-A-0041, 2023-A-0043, 2023-Ohio-4604, ¶ 4. Accordingly, to the extent that Fromknecht argues that the trial court violated R.C. 2953.08, his assigned error lacks merit.

---

1. Four identical notices of appeal were filed from this order issued in the Conneaut Municipal Court Case No. 22 CRB 136 C. Each appeal was assigned a separate appellate case number corresponding with the trial court's Case Nos. 22 CRB 136 A, B, C, and D. However, as only one order issued in Case No. 22 CRB 136 C is the subject of the appeals, this court previously issued a judgment entry dismissing the three duplicative appeals that were assigned to the remaining trial court case numbers as nullities.

3

**{¶9}** Next, with respect to misdemeanor sentencing, we note that R.C. 2929.21(A) provides that the sentencing court "shall be guided by the overriding purposes of misdemeanor sentencing."

> The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public.

R.C. 2929.21(A). In addition, R.C. 2929.21(B) provides that such a sentence "shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." In exercising its discretion, the court must consider several specific factors contained in R.C. 2929.22(B)(1) and "may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in [R.C. 2929.21]." R.C. 2929.22(B)(2).

**{¶10}** Further, "'[a] jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively * * *, except that the aggregate term to be served shall not exceed eighteen months.'" *Fromknecht*, 2023-Ohio-4604, at ¶ 7, quoting R.C. 2929.41(B)(1). "'The trial court is not required to make consecutive sentence findings under R.C. 2929.14(C)(4) prior to ordering consecutive sentences for jail terms imposed for misdemeanor offenses.'" *Fromknecht* at ¶ 7, quoting *State v. Henson*, 12th Dist. Clermont No. CA2020-07-037, 2021-Ohio-38, ¶ 17. "'The trial

4

court need only "specify" that the jail terms being imposed were to be served consecutively.'" *Fromknecht* at ¶ 7, quoting *Henson* at ¶ 17.

{¶11} Here, Fromknecht maintains that the trial court abused its discretion in failing to discuss the R.C. 2929.22(B) factors on the record prior to ordering him to serve the 180-day consecutive sentence. However, as previously noted in our recitation of the procedural history, the trial court imposed the sentence in 2022, but suspended the sentence at that time. Where a trial court has suspended a jail term subject to community control, a trial court is not required to reexamine the factors contained in R.C. 2929.22(B) upon its revocation of community control. *State v. Kolodzaike*, 6th Dist. Wood No. WD-19-014, 2020-Ohio-1239, ¶ 18. In such a case, the trial court is not imposing a new sentence; instead, it is "'simply ordering into execution jail sentences it already had imposed.'" *Kolodzaike* at ¶ 18, quoting *State v. Fankle*, 2015-Ohio-1581, 31 N.E.3d 1290, ¶ 8 (2d Dist.). "By its express terms, R.C. 2929.22 is applicable to 'a court that imposes a sentence under this chapter upon an offender for a misdemeanor or minor misdemeanor.'" *Kolodzaike* at ¶ 18, quoting R.C. 2929.22(A). "Because the trial court did not impose a new sentence" when it ordered Fromknecht to serve his consecutive suspended sentence on the theft charge, "it was not required to reexamine the sentencing factors under R.C. 2929.22(B)." *Kolodzaike* at ¶ 18

{¶12} Further, even were the court required to consider the R.C. 2929.22(B) factors when determining whether to order execution of the jail term, "[a]bsent a showing otherwise, * * * if the sentence lies within the statutory limit, a reviewing court will presume that the trial judge followed the standards required by the statute." *State v. Corbissero*, 11th Dist. Ashtabula No. 2011-A-0028, 2012-Ohio-1449, ¶ 55, citing *State v. Peppeard*,

5

11th Dist. Portage No. 2008-P-0058, 2009-Ohio-1648, ¶ 75. "'A silent record raises the presumption that the trial court considered all of the factors.'" *Corbissero* at ¶ 55, quoting *Peppeard* at ¶ 75. Fromknecht has not identified any portion of the record which would rebut this presumption.

{¶13} Accordingly, Fromknecht's sole assigned error lacks merit.

{¶14} The judgment of the trial court is affirmed.

MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

6