[Cite as *State v. Walker*, 2025-Ohio-436.]

# IN THE COURT OF APPEALS OF OHIO
# ELEVENTH APPELLATE DISTRICT
# ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF CONNEAUT,<br><br>　　　　　　Plaintiff-Appellee,<br><br>- vs -<br><br>KENNETH REID WALKER,<br><br>　　　　　　Defendant-Appellant. | CASE NO. 2024-A-0068<br><br><br>Criminal Appeal from the<br>Conneaut Municipal Court<br><br><br>Trial Court No. 2024 CRB 00198 |

## O P I N I O N

Decided: February 10, 2025
Judgment: Affirmed

*John D. Lewis*, Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

EUGENE A. LUCCI, J.

{¶1} Appellant, Kenneth Reid Walker, appeals the judgment sentencing him to 90 days of confinement following his guilty plea to possession of drug abuse instruments. We affirm.

{¶2} During a traffic stop in 2024, law enforcement officers arrested Walker on an outstanding warrant. Upon searching Walker, officers discovered a hypodermic needle and a bindle of suspected methamphetamine in Walker's possession. Thereafter, Walker was charged with possessing drug abuse instruments, a second-degree misdemeanor,

in violation of the city of Conneaut's local ordinance 513.04. Following plea negotiations, Walker agreed to plead guilty, and the prosecution agreed to recommend a sentence of community control and court costs.

{¶3} At a pretrial, Walker entered his guilty plea, which the trial court accepted. The court immediately proceeded to sentencing and imposed a 90-day term of confinement.

{¶4} In his sole assigned error, Walker argues:

{¶5} "The trial court committed prejudicial error by sentencing Kenneth Walker to a term of maximum imprisonment instead of adopting the recommendation for community control sanctions."

{¶6} "'Misdemeanor sentencing lies within the discretion of the trial court and will not be disturbed absent an abuse of discretion.'" *State v. Takacs*, 2023-Ohio-3302, ¶ 7 (11th Dist.), quoting *State v. Hogya*, 2023-Ohio-342, ¶ 14 (11th Dist.); *State v. Hill*, 70 Ohio St.3d 25, 29, 1994-Ohio-12 ("as a general rule, an appellate court will not review a trial court's exercise of discretion in sentencing when the sentence is authorized by statute and is within the statutory limits"). "'The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record.'" *State v. Marcellino*, 2019-Ohio-4837, ¶ 23 (11th Dist.), quoting *State v. Flanagan*, 2015-Ohio-5528, ¶ 42 (11th Dist.), citing *State v. Ferranto*, 112 Ohio St. 667, 676-678 (1925).

{¶7} A trial court's discretion with respect to misdemeanor sentencing is guided by the overriding purposes of misdemeanor sentencing, which are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.21(A);

2

R.C. 2929.22(A). "To achieve those purposes, the sentencing court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." R.C. 2929.21(B) directs a trial court to impose a misdemeanor sentence that is reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." In addition, R.C. 2929.22(B)(1) sets forth a list of factors that the court must consider when determining an appropriate sentence, including:

> (a) The nature and circumstances of the offense or offenses;
>
> (b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;
>
> (c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;
>
> (d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;
>
> (e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;
>
> (f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the

3

armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;
(g) The offender's military service record.

{¶8} Further, with respect to maximum sentences, R.C. 2929.22(C) provides:

A court may impose the longest jail term authorized under section 2929.24 of the Revised Code only upon offenders who commit the worst forms of the offense or upon offenders whose conduct and response to prior sanctions for prior offenses demonstrate that the imposition of the longest jail term is necessary to deter the offender from committing a future criminal offense.

"'Although R.C. 2929.22(C), identifies the circumstances under which a maximum sentence is permissible, it does not require the trial court to make any explicit findings.'" *State v. Fromknecht*, 2023-Ohio-4604, ¶ 6 (11th Dist.), quoting *State v. Scott*, 2023-Ohio-476, ¶ 10 (2d Dist.). "'[W]hen the misdemeanor offender's sentence is within the statutory limits and there is no affirmative indication on the record that the trial court failed to consider the factors set forth in R.C. 2929.22, the reviewing court is to presume the trial court considered the applicable statutory factors when it imposed the sentence.'" *Fromknecht* at ¶ 6, quoting *State v. Corradetti*, 2022-Ohio-1279, ¶ 44 (11th Dist.); *Scott* at ¶ 10.

{¶9} Here, at the hearing, following Walker's plea, defense counsel indicated to the court that he was unsure as to the nature of Walker's other pending charges. Thereafter, the trial court asked whether Walker or defense counsel could inform the court of the nature of the pending charges in Ashtabula County. Walker replied, "[I]n the felony court it's possession of methamphetamine . . . [d]rug instruments." After hearing from the prosecution, the trial court stated:

Let me -- let me just say this, and, like, I really do ask the defense attorney. Here I am, looking on the court -- the county

4

court system, to try to find out what charges are pending against Mr. Walker both at the county level and at the city level. In all of my years of practice, I've never had to -- I've never had a judge do that from the Bench and try to look for and do a research while he's about to impose a sentence, because normally I, as the practicing attorney, would provide that information to the Judge, and here I am, having to do that research.

And I find that Mr. Walker has charges of Aggravated Possession of Drugs, Case Number 2023 CR 59 -- this is at the county level -- 2023-109, 2023-202, 2023-52. Apparently, these five cases appear to be closed.

. . .

A capias was issued back on July 25th, 2024. Apparently, these cases remain pending. They have not been disposed of. They were apparently closed by the clerk's office because the capias was issued.

I'm giving the Defendant 90 days in jail. I'll give him the maximum sentence. And then I'm not going to impose a fine and costs. If he wants -- if he or his attorney wants to seek a modification of his sentence in this court so he can obtain some kind of treatment, he can do that at some later time, but at this point I'm giving him 90 days in jail, and there will be a commitment to the Ashtabula County Jail.

{¶10} On appeal, Walker argues that the court failed to make any findings regarding his conduct and responses to past sanctions that would warrant the maximum sentence for a second-degree misdemeanor. Walker argues, "Instead, the court complained about having to look up information that would have been part of a presentence investigation report, which the court could have ordered."

{¶11} Although the trial court pointedly admonished counsel for failing to provide it with information pertaining to Walker's other pending charges, it does not follow that the trial court imposed the maximum sentence because it "[had] to look up information," as Walker suggests. Nothing in the record affirmatively indicates that the trial court failed to

5

consider the appropriate sentencing factors. Accordingly, we cannot say that the trial court abused its discretion in imposing the maximum sentence.

{¶12} Walker's sole assigned error lacks merit.

{¶13} The judgment is affirmed.


MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2024-A-0068